**Allen FIFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42714.

Court of Criminal Appeals of Texas.

April 1, 1970.

Pena, McDonald & Gutierrez, by Roman Gutierrez, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the possession of a forged instrument with intent to defraud as denounced by Article 998, Vernon's Ann. P.C. The trial was on a plea of not guilty before the court; the punishment was assessed at two years.

Appellant contends that the court erred in overruling his motion to quash the indictment, because it contained no allegation that appellant forged the instrument that he was alleged to have possessed.

Article 998, supra, provides:

"If any person shall knowingly have in his possession any instrument of writing, the making of which is by law an offense, with intent to use or pass the same as true, he shall be confined in the penitentiary not less than two nor more than five years."

The indictment alleged, in part, that appellant "[d]id unlawfully and fraudulently

have in his possession, with intent to use and pass the same as true, a false and forged instrument in writing to the tenor following:

KERRVILLE, TEXAS  November 30   1968  NO._____

FIRST NATIONAL Bank of Kerrville                        88–459
            MEMBER F. D. I. C                           1141

PAY TO THE
    ORDER OF_____ Allen Fifer................................ $ 2,000.00

__Two Thousand Dollars and no/100...........................DOLLARS

For_____
                                            E. E. Sample

and which instrument in writing the said ALLEN FIFER then and there knew to be false and forged."

The indictment sufficiently alleged that appellant knew the instrument to be forged. This form was held sufficient in Stout v. State, Tex.Cr.App., 421 S.W.2d 914, and is substantially the same as found in Willson's Texas Criminal Forms, 7th Edition, Sec. 1259, and in 3 Branch's Ann.P.C.2d, Sec. 1615.

■ The statute does not require that appellant forge the instrument to constitute the offense; this contention is overruled.

Appellant contends that the evidence is insufficient, because it did not show that the instrument was a forgery or that he knew it to be a forgery.

Frank Rork, cashier of the First National Bank in Edinburg, testified that the appellant asked him to approve the check (State's Exhibit No. 1) so that it could be cashed with a teller, but Rork refused and appellant left with the check.

Ernest E. Sample testified that he lived in Kerrville and kept his account in the First National Bank of Kerrville and that he did not sign the check or give anyone permission to sign it. He also testified that he had known appellant for some thirty years, had business dealings with him and had made loans to him.

■ This evidence is sufficient to show that the check was a forgery. The fact that appellant possessed and attempted to pass the $2,000 check and the other circumstances are sufficient to show he knew it was forged. See Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146.

■ Appellant contends that the court erred in admitting the check into evidence, because the check was "[n]ot properly authenticated not having been shown it was taken from the possession of Allen Fifer, nor how the check came into possession of the District Attorney."

The check was identified as the one he attempted to cash at the bank. This is sufficient identification for its introduction without proof of chain of custody.

For the first time in the appellate brief, it is contended that the check might have been obtained unlawfully as a result of an unreasonable search and seizure. The record does not show any fact that would indicate an unreasonable search and seizure. Nothing is presented for review.

No reversible error appearing in the record, the judgment is affirmed.