**Arthur N. REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 51408.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Don B. Mauro and John M. Barron, Jr., Bryan, for appellant.

W. T. McDonald, Jr., Dist. Atty., J. Bradley Smith, Asst. Dist. Atty., Bryan, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

Appellant entered a plea of guilty to the offense of attempting to pass a forged instrument on August 9, 1974. Punishment was assessed at five years probated.

On February 7, 1975, the State filed a motion to revoke appellant's probation alleging that appellant had violated a condition of his probation in that appellant on or about January 24, 1975

"did then and there unlawfully with intent to defraud and harm another, pass to Walter Willis a writing that had been made so that it purported to be the act of another who did not authorize the act, and which said writing is to the tenor following: . . ." (A copy of the check in question and the endorsement thereon are attached to the State's motion.)

The record reflects that after a hearing on May 20, 1975, the court entered an order revoking appellant's probation finding that appellant had violated the terms and conditions of his probation in that he had committed the offense of passing a forged instrument, said finding tracking the offense as same was alleged in the motion to revoke.

Appellant contends that the court abused its discretion in revoking his probation in that "no proof was offered that the checks in question were forged, which is a necessary element of the crime of forgery."

Walter Willis, an employee at Harrington Package Store located north of Navasota, testified that on the occasion in question appellant made a purchase of liquor in the store and gave him a check dated January 24, 1975 in the amount of $172.72, drawn on Raywell Enterprises, Dry Cleaning Account, signed by "Ray Criswell," and made payable to the order of "James Hunt." Willis stated that appellant endorsed the name of the payee on the check and Willis gave him the difference "between the liquor and the amount of the check" in cash.

John Miller of the College Station Police Department testified that he took a voluntary written statement from appellant on January 25, 1975, after advising appellant of his constitutional rights and reading him

"his rights on the voluntary statement." The statement, admitted into evidence, omitting the warning and formal parts, recites in pertinent part:

"On or about 1–24–75 I Arthur Neal Reed saw Cliff Martian at the Happy Hour Club. We played a couple games of pool. I asked him to take me to Navasota, Texas. I had on me (6) six checks however Cliff Martian, James Freeman & Felton didn't have any knowledge what so ever about the checks or didn't receive any money—they knew nothing! The check were pink in color on Ray Well enterprises, cleaner account. I cashed one at the liquor store in Navasota also I tried to cash one at a grocery store there we were stopped shortly afterwards by the police there in town. I must say again that the above people had no knowledge of a crime in process & no one threaten me or promise any deal. The liquor store where I cashed the check were last liquor store on the right before you cross the river bridge on Highway six south [Navasota River]."

V.T.C.A. Penal Code, Section 32.21, defines forge as follows:

"(a) For the purpose of this section:

(1) 'Forge' means:

(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

(i) to be the act of another who did not authorize that act;

(ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

(iii) to be a copy of an original when no such original existed;

(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; . . . ."

In construing the definition of "forge" set forth in Sec. 32.21, supra, this Court in *Young v. State,* Tex.Cr.App., 529 S.W.2d 542 said:

"From this definition it appears to be readily apparent that the act in question, in addition to being with the intent to defraud, must purport to be the act of another who did not authorize the act."

No evidence was offered that appellant did not have the authority to endorse the name of the payee on the check, nor does the record contain any evidence that "James Hunt" was the name of a fictitious person or that "James Hunt" was a different person from Arthur Reed (appellant). See *Colburn v. State,* Tex.Cr.App., 501 S.W.2d 680; *Golden v. State,* Tex.Cr.App., 475 S.W.2d 273. In a prosecution for forgery, the burden is on the prosecution to prove every essential element of the offense charged. 25 Tex.Jur.2d, Forgery, Sec. 53 (1960). The fact that this Court has held that the standard of proof that the State must meet in proving offenses upon which the State relies in revocation of probation proceedings is by a preponderance of the evidence rather than beyond a reasonable doubt[1] does not relieve the State of the burden of proving every element of the offense. The statement in appellant's confession relative to his companions having "no knowledge of a crime in process," while an incriminating circumstance, does not serve to prove that the check in question was forged.

We conclude that the evidence does not support the court's finding that the appellant committed the offense of passing a forged instrument. Thus, the court abused its discretion in revoking appellant's probation.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

1. *Scamardo v. State,* Tex.Cr.App., 517 S.W.2d 293; *Kelly v. State,* Tex.Cr.App., 483 S.W.2d 467; *Woods v. State,* Tex.Cr.App., 533 S.W.2d 16 (1976).