**James Edward BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53183.**

Court of Criminal Appeals of Texas.

June 14, 1977.

Rehearing Denied July 13, 1977.

Jerry M. Kolander, Jr., Lubbock, court appointed, for appellant.

Alton R. Griffin, Dist. Atty., Sam Oatman, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for forgery by passing. See V.T.C.A., Penal Code, § 32.21(a)(1)(B). Punishment was assessed at life imprisonment after the jury had found the appellant guilty and that he had twice previously been convicted of felonies as alleged in the indictment.

In two grounds of error appellant contends the court erred in overruling his motion for instructed verdict because the State failed to show that: (1) he intended to defraud or harm anyone, or (2) he knew or had knowledge the instrument allegedly passed was forged.

The record reflects that on February 1, 1974 appellant entered a Serv-U-Food store in Lubbock and asked the checker, Marie Sargent, who was in charge of the store at the time, to cash a check for him, telling her it was "for his uncle." Following normal procedures, Sargent asked for appellant's driver's license. He said he had none but displayed a photostatic copy of a social security card bearing number 460–52–4522 that supposedly belonged to his uncle. The check, in the amount of $98.70, was drawn on the account of Mr. and Mrs. Billy L. Smith. It was signed "Mr. Billy L. Smith" and was payable to "James W. Jones." Marie Sargent cashed the check, but as appellant was leaving she asked Ben Pastrano, a butcher at the store, to get the license number of the automobile appellant was driving. Pastrano found appellant standing by a car near the gasoline pumps of the store. As he wrote the license plate numbers of the car on a piece of paper, appellant asked him what he was doing. Pastrano answered he was reading the gasoline pump meter. Appellant asked for the paper and attempted to take it away from Pastrano. The attempt failed and Pastrano returned to the store, where he gave the license number to Marie Sargent.

Billy L. Smith, a used car dealer, testified he maintained a joint checking account with his wife but that the writing on the check in question was not his nor had he authorized anyone to make out the check. He did not know a James A. Jones. He stated he had sold a car to the appellant at the end of December, 1973 or the first of January 1974. After February 1, 1974, when he received his statement from the bank, he discovered several unauthorized checks had been paid. On investigation, he discovered that nine checks were missing from back of his checkbook, which the record reflects was kept at his used car lot. Smith's wife testified she did not sign the check nor give anyone permission to fill out the check. She did not know a James W. Jones.

The appellant did not testify nor offer any testimony.

In answer to appellant's contention the evidence was insufficient to show an intent to defraud or harm, the State argues such is not an element of forgery under V.T.C.A., Penal Code, § 32.21, citing *Aldridge v. State*, 492 S.W.2d 477 (Tex.Cr.App.1973). Reliance upon *Aldridge* is misplaced for it dealt with a conviction for passing as true a forged instrument under Article 996 of the former Penal Code.

Under the former Penal Code, Article 979 defined the offense of forgery and required as an element an intent to injure or defraud. See *Smith v. State*, 162 Tex.Cr.R. 132, 282 S.W.2d 876 (1955); *Rice v. State*, 484 S.W.2d 589 (Tex.Cr.App.1972). The offense of passing as true a forged instrument under Article 996 of the former Code lacked this element, requiring a showing of only three elements, to-wit:

(1) a person must pass as true

(2) a forged instrument in writing

(3) knowing that it was forged at the time of the passing.

See *Byrom v. State*, 528 S.W.2d 224 (Tex. Cr.App.1975); *Aldridge v. State, supra*; *Montogomery v. State*, 157 Tex.Cr.R. 44, 246 S.W.2d 209 (1952).

With the adoption of the new Penal Code, effective January 1, 1974, Articles 979 and 996, as well as others, were combined into V.T.C.A., Penal Code, § 32.21, defining forgery, which provides in part:

"(a) For purposes of this section:

"(1) 'Forge' means:

"(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

"(i) to be the act of another who did not authorize that act;

"* * *

"(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

"* * *

"(b) A person commits an offense if he forges a writing with intent to defraud or harm another. . . . ."

■ Under this current statute, the definition of *forgery* includes the act of passing as true a forged instrument and requires as an element of the offense an intent to defraud or harm. See *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr.App.1977). The Practice Commentary to said § 32.21 notes:

"Section 32.21 consolidates a number of provisions of the old Penal Code covering forgery of different kinds of documents, e.g., Penal Code arts. 979 to 998 and 1006 to 1011 . . . The culpable mental state requirement of prior law—intent to defraud (Penal Code arts. 979, 984)—is carried forward, but an alternative intent to harm—has been added. Article 985 of the old Penal Code generally limited forgery to acts that injured a victim pecuniarily or in relation to his property. By virtue of the definition of 'harm' in Section 1.07(16), Section 32.21 extends the offense to nonmonetary and nonproperty injuries. . . ."

■ Thus, it is clear that intent to defraud or harm is a necessary element of forgery under said § 32.21, and the burden is on the State to prove every element of the offense charged, *Reed v. State*, 533 S.W.2d 35 (Tex.Cr.App.1976), although scienter may be established by circumstantial evidence. *Stuebgen v. State, supra*; *Watson v. State*, 418 S.W.2d 822 (Tex.Cr. App.1967); 25 Tex.Jur.2d, Forgery, § 57.

In *Stuebgen v. State, supra*, this court wrote:

"While the requisite culpable mental state under Sec. 32.21(b) is 'intent to defraud or harm,' we fail to perceive how such culpable mental state can be shown absent proof of knowledge that the instrument is forged."

■ In *Castanuela v. State*, 435 S.W.2d 146 (Tex.Cr.App.1968), it was held that the fact the defendant "cashed the forged check in question and endorsed his name thereon, with an incorrect address, is sufficient to warrant the jury's conclusion that he knew the check was a forgery when he passed it."

In *Phillips v. State*, 488 S.W.2d 97 (Tex. Cr.App.1972), where the defendant falsely represented himself as payee of the check, endorsed it in the presence of the supermarket cashier, and gave false information about the maker of the check to the supermarket manager the evidence was held sufficient to show knowledge that the instrument was forged. See also *Hilton v. State*, 443 S.W.2d 843 (Tex.Cr.App.1969).

In *Golden v. State*, 475 S.W.2d 273 (Tex. Cr.App.1971), evidence was held sufficient to show knowledge that the instrument was forged where the defendant stated, when passing the check, that the maker thereof was an insurance man and proof reflected that the man listed as maker of the check was fictitious. See also *Colburn v. State*, 501 S.W.2d 680 (Tex.Cr.App.1973).

In the instant case the State did not show that anything appearing on the check was in appellant's handwriting, that he did in fact have a driver's license, that the social security number was not that of his uncle's, etc. However, the record does show that shortly after passing the check the appellant asked Pastrano for the paper on which Pastrano had written the license number of appellant's automobile and then attempted to take it away from him. When this fact is taken together with all the other facts and circumstances in the case, we conclude that it is sufficient to show knowledge that the check in question was forged and to show that appellant acted with intent to defraud. The court did not err in overruling the motion for instructed verdict.

In submitting the case to the jury, the court charged on the law of circumstantial evidence. The evidence was sufficient to sustain the verdict.

The judgment is affirmed.