**Billie Merle PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55601.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 24, 1978.

---

**5**

Stan Brown, Abilene, for appellant.

Lynn Ingalsbe, Dist. Atty. and Patricia A. Elliott, Asst. Dist. Atty., Abilene, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for passing a forged check; the punishment is imprisonment for 5 years.

The appellant urges that the evidence will not support the conviction, because the State failed to prove that the purported maker of the check did not authorize the appellant to make and pass the check.

To sustain the conviction for passing a forged check there must be proof that the check was forged. V.T.C.A. Penal Code, Sec. 32.21(a)(1)(B). To prove that a check is forged it is necessary to prove that the purported maker did not authorize the defendant or another to make the check. V.T.C.A. Penal Code, Sec. 32.21(a)(1)(A)(i);

*Reed v. State*, 533 S.W.2d 35 (Tex.Cr.App. 1976).

On the afternoon of September 24, 1976, appellant purchased several items of clothing from Aunt Betty's Rags, a store in Abilene. In the presence of the sales clerk, the appellant made a check for $65.10, the purchase price. The check is drawn on the account of Willis James Gee, Jr., and Nell Gee, and the name "Nell F. Gee" appears on the check as the maker. On the following day, appellant returned most of her purchases and exchanged them for other items of clothing and $21.52 in cash. The check was subsequently refused by the bank because of the irregularity of the signature.

Nell F. Gee, appellant's mother, testified that she did not sign the check in question. When asked if she authorized appellant to sign her name to the check, she answered, "Well, to my knowledge, I don't remember authorizing her." During cross-examination, the following exchange took place:

"Q. Okay, Mrs. Gee, I believe you stated that you couldn't remember ever authorizing Billie Merle Payne to write a check on or about September 24th, 1976, was that your testimony?

"A. That is correct.

"Q. All right. Based on that testimony, you really can't definitely deny ever authorizing her to write a check either, can you?

"A. No.

"Q. All right. Do you say it is possible, then, that you could have authorized her to write such a check?

"A. It is possible."

Mrs. Gee went on to testify that she was taking medication during September, 1976; that this medication left her sleepy and somewhat "dopey;" and that she could have given appellant permission to write the check while under the influence of this medication and not remember doing so.

Appellant's brother testified that, sometime during late September, 1976, he heard appellant ask Mrs. Gee, who was in her bedroom, for permission to write a

check on her account. He testified that Mrs. Gee's response was that "she didn't care how much checks she wrote." The evidence is not sufficient to support a finding that appellant was not authorized to make and pass the check. *Reed v. State*, supra. See *Roberts v. State*, 53 S.W. 864 (1899).

The judgment is reversed and the cause remanded.