Stubblefield v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-376-CR




CHRIS B. STUBBLEFIELD, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT,



NO. 40,327, HONORABLE RICK MORRIS, JUDGE


 




PER CURIAM

 Appellant was convicted in a joint trial of five acts of forgery and was sentenced
to imprisonment for seven years and a $5000.00 fine. Tex. Penal Code Ann. § 32.21(b) (1989). 
In a single point of error, appellant contends that the district court erred in rendering judgment
in cause number 40,327 because the evidence is legally insufficient to support the judgment. We
will affirm.

 Appellant allegedly stole checks belonging to Wayne Skinner, a legally blind,
elderly man who lives in a nursing home. A friend of appellant's worked in this nursing home. 
Appellant attempted to pass one of Skinner's checks, number 572 (State's exhibit 4), at a King
Saver grocery store allegedly using a Department of Veteran's Affairs identification card showing
that appellant's name was Wayne Skinner. The check bore the purported signature of Wayne
Skinner as the drawer. The cashier called the police after recalling that Skinner's checks had been
reported as stolen. Appellant fled the grocery store after the cashier informed him the police were
coming and was later arrested after the police found him hiding under a pickup truck in the
parking lot. Appellant was indicted in cause number 40,327 for forgery by passing and
transferring check number 572 (State's exhibit 4) with intent to defraud and harm another.

 In his sole point of error, appellant contends the evidence is insufficient to support
the judgment because the State has not proved that the purported drawer of the check, Skinner,
did not authorize appellant to write the check. See Payne v. State, 567 S.W.2d 4, 5 (Tex. Crim.
App. 1978). In Payne, the defendant's mother stated that it was possible that she authorized the
defendant to write her checks. The instant cause is distinguishable from Payne, however, because
Skinner testified that the only Chris Stubblefield he knew was white (appellant is African-American) and because Skinner testified that he did not believe he asked anyone to sign a check
for him that year. Skinner never stated that it was possible that he authorized appellant to write
checks for him.

 The critical inquiry on review of the sufficiency of the evidence to support a
criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 
Viewing the evidence in the light most favorable to the prosecution, the jury could have
reasonably concluded that Skinner did not authorize appellant to write the check. Appellant's sole
point of error is overruled.

 The judgment of the district court is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: May 6, 1992

[Do Not Publish]