Stubblefield v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-377-CR




CHRIS B. STUBBLEFIELD, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT,



NO. 40,328, HONORABLE RICK MORRIS, JUDGE


 




PER CURIAM

 Appellant was convicted in a joint trial of five acts of forgery and was sentenced
to imprisonment for seven years and a $5000.00 fine. Tex. Penal Code Ann. § 32.21(b) (1989). 
In two points of error, appellant contends that the district court erred in rendering judgment in
cause number 40,328 because the evidence is legally insufficient to support the judgment. We
will affirm.

 Appellant allegedly stole checks belonging to Wayne Skinner, a legally blind,
elderly man who lives in a nursing home. A friend of appellant's worked in this nursing home. 
Appellant attempted to pass one of Skinner's checks, number 572 (State's exhibit 4), at a King
Saver grocery store allegedly using a Department of Veteran's Affairs identification card showing
that appellant's name was Wayne Skinner. The check bore the purported signature of Wayne
Skinner as the drawer. The cashier called the police after recalling that Skinner's checks had been
reported as stolen. Appellant fled the grocery store after the cashier informed him the police were
coming and was later arrested after the police found him hiding under a pickup truck in the
parking lot.

 Appellant was indicted in cause number 40,328 for forgery by possession of check
number 224 (State's exhibit 5) with intent to pass and transfer the check as well as intent to
defraud and harm another. Check number 224 had a blank payee, was purportedly drawn by
Skinner, and was endorsed with the purported signature of Chris Stubblefield and "SS#
XXX-XX-XXXX," the same number that was on check number 572 (State's exhibit 4). Appellant's
social security number is XXX-XX-XXXX. Check number 224 was passed at the King Saver grocery
store for merchandise. The store submitted the check to the bank, which later returned the check
unpaid as a forgery. The State was unable to detect appellant's fingerprints on the check. 
Appellant's only explanation for the appearance of his social security number on check number
224 was that the police were responsible for it.

 In his first point of error, appellant contends the evidence is insufficient to support
the judgment because the State has not proved that the purported drawer of the check, Skinner,
did not authorize appellant to write the check. See Payne v. State, 567 S.W.2d 4, 5 (Tex. Crim.
App. 1978). In Payne, the defendant's mother stated that it was possible that she authorized the
defendant to write her checks. The instant cause is distinguishable from Payne, however, because
Skinner testified that the only Chris Stubblefield he knew was white (appellant is African-American) and because Skinner testified that he did not believe he asked anyone to sign a check
for him that year. Skinner never stated that it was possible that he authorized appellant to write
checks for him.

 The critical inquiry on review of the sufficiency of the evidence to support a
criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 
Viewing the evidence in the light most favorable to the prosecution, the jury could have
reasonably concluded that Skinner did not authorize appellant to write the check. Appellant's first
point of error is overruled.

 In his second point of error, appellant contends the evidence is insufficient to
support the judgment because the State has not proved that the check was made, altered, executed,
completed, and authenticated at the time appellant allegedly possessed the check. In
circumstantial-evidence cases like the instant cause, we cannot sustain a conviction based on
circumstantial evidence if the circumstances do not exclude every other reasonable hypothesis
except that of the guilt of the defendant. Carlsen v. State, 654 S.W.2d 444, 449-50 (Tex. Crim.
App. 1983). (1) A review of the evidence, however, points to no other reasonable conclusion except
appellant's guilt: appellant was arrested while attempting to pass another of Skinner's checks at
the same grocery store; appellant possessed a false identification card in Skinner's name;
appellant's social security number and name were written on the check; appellant had access to
Skinner's checks; and Skinner was blind and did not remember writing a check to appellant. 
Viewed in the light most favorable to the prosecution, the evidence is legally sufficient to prove
that check number 224 was made, altered, executed, completed, and authenticated at the time
appellant allegedly possessed it. Point of error two is overruled.

 The judgment of the district court is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: May 6, 1992

[Do Not Publish]
1. See generally Geesa v. State, 820 S.W.2d 154, 161-62 (Tex. Crim. App. 1991)
(overruling Carlsen and requiring the use of an express instruction on "reasonable doubt"). 
Geesa is limited to cases tried after November 6, 1991, and, thus, does not apply to this cause.