IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-330-CR




GLENDON NEMBHARD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0931841, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of forgery by possession and assessed
punishment at imprisonment for four years. Tex. Penal Code Ann. § 32.21 (West 1989 & Supp.
1994). Appellant's only point of error is that the evidence is legally insufficient to sustain the
verdict. We will affirm.

 Leslie Hoadley testified that on January 18, 1993, her neighbor came to her door
and "said that she had a friend that lost his identification and needed to get his check cashed and
was wondering if I'd be willing to do it for $20.00." Hoadley agreed. Hoadley assumed that "it
was like a job check," but when she got to the neighbor's apartment "he [appellant] was asking
me how to spell my name and he wrote my name on the check." The check, made payable to
Hoadley, was for $320. Hoadley testified that she "really didn't pay much attention" to the name
of the payor. The check was drawn on the account of Rosa Linda Prince and bears Prince's
purported signature as payor. There is testimony that the account was closed. Although Hoadley
testified on direct examination that she saw appellant sign the check, she stated during cross-examination that she could not remember "if he signed that name or not."

 Appellant drove Hoadley to a nearby grocery store to cash the check. The cashier
at the store, obviously suspicious, called the police. When appellant, who was waiting outside,
saw the police arrive, he drove away at high speed. He was arrested a few minutes later and gave
the police a written statement. In the statement, appellant said that the check in question was one
of several given to him by an acquaintance named Richard Riojas. According to the statement,
the checks were signed by Riojas, who told appellant that "he had cashed one or two of them
himself." Appellant asked in his statement that Hoadley be released from custody, saying "she
didn't know that the check was stolen."

 At trial, appellant testified that Riojas owed him $320 for work he had performed. 
According to appellant, Rosa Prince was Riojas's girlfriend and was present when Riojas gave
appellant the signed blank check on her account. Appellant testified that he did not know whether
Prince or Riojas signed the check, but he assumed that Prince authorized the transaction because
"[s]he told me it was okay." Appellant explained that the check was not made payable to
appellant because he did not have identification and would be unable to cash it himself, and that
the amount was left blank because Riojas and Prince trusted appellant to write in the correct
amount.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). To prove
forgery, the State must establish that the writing purported to be the act of another who did not
authorize that act. Section 32.21(1)(A)(i). Appellant contends the State failed to prove that Prince
did not authorize the act at issue in this cause. 

 Because Prince did not testify, there is no direct evidence that she did not authorize
her signature on the check. We believe, however, that the district court could reasonably infer
a lack of authority from appellant having sought out a stranger, Hoadley, to be payee and to cash
the check. Lack of authority could also be inferred from appellant's statement that Riojas had
given him several checks on Prince's account and that Hoadley did not know the check she tried
to pass was stolen. The court could also infer guilt from appellant's flight from the police. Hart
v. State, 682 S.W.2d 346, 347 (Tex. App.--Dallas 1984, pet. ref'd). Although this cause was tried
post-Geesa and the State was not required to disprove any reasonable innocent hypothesis, the
court could also consider the implausibility of appellant's testimony at trial. If the check was
payment for a debt, why was the amount left blank? If Prince was willing to pay Riojas's debt
to appellant, why did she not write the check herself? And if Riojas knew that appellant could
not cash a check, why did he not get the money from Prince and pay appellant in cash? We
conclude that a rational trier of fact could reasonably conclude from the evidence in this cause that
the check in question purported to be the act of another who did not authorize that act, and that
appellant possessed the check both with the intent to utter it and the intent to defraud another. See
Baker v. State, 552 S.W.2d 818, 821 (Tex. Crim. App. 1977).

 Appellant relies on two decisions by the Court of Criminal Appeals in which the
evidence was held insufficient to prove that the accused passed a forged instrument: Reed v.
State, 533 S.W.2d 35 (Tex. Crim. App. 1976), and Payne v. State, 567 S.W.2d 4 (Tex. Crim.
App. 1978). In Reed, the defendant passed a check made payable to "James Hunt," endorsing
Hunt's name. Neither the named payor nor Hunt testified. In a statement given after his arrest
for forgery, the defendant said that the persons with him when he passed the check "had no
knowledge of a crime in process." 533 S.W.2d at 37. The court concluded that there was no
evidence to prove either that James Hunt did not exist or that the defendant did not have Hunt's
authority to endorse the check. The defendant's statement, "while an incriminating
circumstance," did not prove that the check was forged. Id. The court held that the evidence of
forgery was not sufficient even to support an order revoking probation.

 In Payne, the defendant signed his mother's name to a check he gave in payment
for goods. The defendant's mother testified that she did not remember authorizing him to write
checks on her account, but might have done so. The defendant's brother testified that he heard
his mother give the defendant such permission. The court held that the evidence was not sufficient
to support a finding that the defendant was not authorized to make and pass the check. We believe that Reed and Payne are distinguishable from the cause before us. Both
were decided before use of the "alternative reasonable hypothesis" construct was discontinued. 
Geesa, 820 S.W.2d at 161. In neither case did the defendant flee from the police. In Payne,
there was direct testimony that the defendant was authorized to write the allegedly forged check. 
And while the inculpatory statement held insufficient to prove forgery in Reed was similar to that
made by appellant, it was not coupled with the other incriminating circumstances present in this
cause. 

 We hold that the evidence is legally sufficient to sustain appellant's conviction. 
The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: May 25, 1994

Do Not Publish