**Edgar Cherry GANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47654.**

Court of Criminal Appeals of Texas.

July 10, 1974.

Rehearing Denied Sept. 18, 1974.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, & Bob Bennett, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of receiving and concealing stolen property. His punishment was assessed by the jury at eight years' imprisonment.

Our disposition of appellant's last ground of error renders a discussion of his other contentions unnecessary. In that ground of error the appellant urges that the trial court erred in admitting, over his objection, the testimony of a police officer as to the character of certain of appellant's associates. We agree.

The statement of facts reflects that the officer testified that he was assigned to the burglary and theft division, and had been to appellant's place of business on several occasions. He was then asked:

"Q During any of the occasions that you've been there, have you seen persons known to you to have been handled by your department or other law enforcement agencies for theft or burglary?"

At this point objection was interposed and overruled. The witness answered:

"A Yes, sir. I have seen many.

"Q Have you seen them in the garage or warehouse portion of the 223 Harbor Street property?

"A Yes, sir.

"Q Have you seen them in the actual lounge part, the bar part?

"A Yes, sir.

"Q Have you ever seen any of them in the living quarters?

"A Yes sir."

The State argues that " . . . [A]ppellants association with and habit of doing business with known thieves would clearly go to show that he possessed with guilty knowledge rather than innocently . . . ", and that this was circumstantial evidence showing an overall scheme or design.

The appellant argues, correctly, that this evidence was irrelevant, having no connection with the charges against him.

■ It is clear that one's character is no evidence of guilt. It should be even more obvious that the character of one's associates is no evidence of guilt, and we have held that such evidence should not be admitted. See Harrell v. State, 153 Tex.Cr. R. 141, 218 S.W.2d 466 (1949). Indeed, it has been held that one may not even be impeached by the character of his associates. See Holsey v. State, 24 Tex.App. 35, 5 S.W. 523 (1887).

■ This evidence was clearly calculated to prejudice appellant's rights and its admission requires reversal.

The judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

I cannot agree to the reversal of the conviction on the grounds stated in the majority opinion. The testimony quoted in their opinion was from Officer Rivera. Elsewhere in the record prior to Rivera's testimony, I find that the witness Larry Glenn, a confessed thief, testified that on "a few occasions" appellant had told him that he (appellant) could take all of the stolen spark plugs which Glenn would bring him. This testimony of the confessed thief renders harmless the testimony of the officer that known thieves and burglars were seen at the appellant's home and place of business.