Valentin MARINEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–234–CR.

Court of Appeals of Texas, Corpus Christi.

May 27, 1982.

John Montalvo, Corpus Christi, for appellant.

Aubrey R. Williams, Asst. Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for burglary of a habitation. Tex.Penal Code Ann. § 30.02(a)(3) (Vernon 1974). Trial was before a jury. Punishment was assessed by the court at sixteen years' confinement in the Texas Department of Corrections.

The record reflects that on February 5, 1981, the appellant entered the home of Julie Ramirez without her permission and removed from the home a television set and a stereo set. The burglary was witnessed by Ms. Ramirez' daughter, Elma, from a neighbor's house. Elma knew the appellant and positively identified him as the man who committed the burglary.

The appellant testified at the trial. He told the jury that he entered Ms. Ramirez' home and removed the property in question, but contended that he was told to do so by Frank Gonzales, a friend of Ms. Ramirez. Ms. Ramirez testified that although Frank Gonzales visited her frequently he did not reside in her home nor did he own the property in question. She testified that she owned the television set and stereo, and that she never gave the appellant permission to enter her home and take her property.

■ The appellant's first ground of error contends that the trial court "erred in receiving in-court identification of appellant." Elma Ramirez testified, without objection, that she saw the appellant force open a door to her home, enter the home, and remove her mother's television set and her brother's stereo set. Having failed to object to this testimony, the appellant has presented nothing for review. *Sanchez v. State*, 589 S.W.2d 422, 424 (Tex.Cr.App. 1979). Even if an objection had been made, we see no error in the in-court identification.

In his second and third grounds of error, the appellant contends that the trial court erred in admitting into evidence testimony of Officer McConley regarding statements the appellant made while in custody.

■ During the direct examination of Officer McConley, the trial court sustained the appellant's objection to testimony regarding prior statements of the appellant. In sustaining the objection the trial court stated that he was doing so only "till he lays a predicate." Thereafter, the State's attorney apparently attempted to lay the proper predicate and again inquired into statements made by the appellant to the witness. No further objection was made by the appellant. Thus, no error is shown. *Henderson v. State*, 617 S.W.2d 697, 698 (Tex.Cr.App.1981). Even if an objection had been made, the testimony of the officer was admissible. Further, the appellant's testimony corroborated that of Officer McConley, rendering any error in this regard harmless.

■ In his fourth ground of error, the appellant contends that the trial court erred in receiving evidence of an extraneous offense. The statement complained of was made by Detective Edward Garza as part of the State's rebuttal evidence. Detective Garza stated:

"Defendant said that Frank Gonzales owed him $900.00 and it was in reference to a drug deal that had taken place before the Defendant was sent to the penitentiary in another charge out of Nueces County, but it was in another city."

No objection was made and thus no error is preserved. *Henderson v. State, supra.* Even if an objection had been made no error would have been shown. Prior to this statement, the appellant had told the jury that he had been convicted for rape and sent to the penitentiary. The reference to the "drug deal" does not implicate the appellant as a party to the deal. To the contrary, the context from which the above quoted statement was taken indicates that the appellant's uncle, rather than the appellant, was party to the transaction.

In his final ground of error, the appellant contends that the evidence is insufficient to prove a "lack of consent" to enter Ms. Ramirez' home. This ground is without merit. The testimony of Ms. Ramirez that she owned the house and the property taken, and that she did not give the appellant permission to enter her home is ample evidence of a "lack of consent." *Ellett v. State,* 607 S.W.2d 545, 550 (Tex.Cr.App. 1980). As the trier of the facts, the jury was free to reject the appellant's testimony that he had permission to enter Ms. Ramirez' home. *Ables v. State,* 519 S.W.2d 464, 465 (Tex.Cr.App.1975).

The grounds of error raised by the appellant are overruled and the judgment of the trial court is AFFIRMED.