**Leslie CLAYTON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–034–CR.**

Court of Appeals of Texas, Corpus Christi.

May 5, 1983.

Donald B. Dailey, Jr., Tinker, Dailey & Tor, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

A jury found appellant guilty of indecency with a ten-year-old child and sentenced him to five years confinement in the Texas Department of Corrections. We affirm.

In his first two grounds of error appellant contends that his conviction should be reversed because the State did not adduce sufficient evidence to identify him as the person who committed the offense charged in the indictment.

In this case, in reviewing the sufficiency of the evidence, this court must examine all of the evidence in the light most favorable to the jury verdict. *Ellett v. State,* 607 S.W.2d 545 (Tex.Cr.App.1980); *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App.1976).

The record in this case demonstrates that there was no doubt about appellant's identity or his connection with the offense charged. The mother of the prosecutrix testified that she had known appellant for about four years, and that he lived on the same street only a couple of houses away from her family. In addition, the following colloquy took place between the mother and the prosecutor:

QUESTION: Do you see Leslie Clayton here in the Court?
ANSWER: Yes, I do.
QUESTION: Point him out, please.
ANSWER: Right over there.
[PROSECUTOR]: May the record reflect she's pointing to the Defendant.
THE COURT: I wasn't looking. Do it again, please, ma'am.
THE WITNESS: Right there.
THE COURT: All right. The record will so reflect.

Furthermore, when appellant's own daughter was called as an adverse witness by the State and asked whether she was "the daughter of Mr. Leslie Clayton, who's sitting here", she replied: "Yes, sir."

Other witnesses also testified to the extensive contact between the children of the families, and in particular between the prosecutrix and appellant's daughter. The prosecutrix herself answered a number of questions concerning the actions constituting the offense allegedly committed by "Mr. Clayton." There was no evidence that any other "Mr. Clayton" lived in the area or had a daughter with whom the prosecutrix occasionally spent the night.

A contention similar to the one appellant now brings before us was overruled by the Court of Criminal Appeals in the case of *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr. App.1974). In that case the Court stated that even though the testimony of the complaining witness was vague, indefinite, uncertain, and failed to identify the defendant as the perpetrator of the offense, the identification was properly established by other witnesses who did clearly identify him. The Court further noted that the jury were the judges of the facts and of the credibility of the witnesses, and refused to disturb their evaluation of the evidence on appeal.

■ We hold that the State adduced sufficient evidence to support the conviction.

■ Appellant raises a similar argument in his second ground of error, in which he claims that the infirmities in the identification at trial violated his rights to due process of law under the United States Consti-

tution. However, the authority cited by appellant holds that "a conviction based on a record lacking any relevant evidence as to a crucial element of the offense charged ... violates due process." *Vachon v. New Hampshire,* 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974). We have previously noted that the record in the case before us is replete with testimony that sufficiently connected appellant with the offense he was accused of committing. Appellant's first and second grounds of error are overruled.

In his third ground of error appellant contends that the trial court erred by admitting hearsay testimony from the mother of the prosecutrix.

The mother testified that she and her husband returned home between 2:00 and 2:15 a.m. on the morning of the alleged offense. The mother further stated that when she arrived at home the prosecutrix called her into the bedroom, appeared afraid and upset, and became "vomiting sick" to her stomach. The mother instructed the prosecutrix to take a bath; afterwards, she found her lying in the middle of the bed with pillows around her, something she had never noticed her daughter do before. The mother then asked what was wrong, and the prosecutrix related what appellant allegedly did to her. Before evidence can be admitted under the "spontaneous utterances" exception to the hearsay rule, (1) there must have been an exciting, emotionally stimulating, or physically painful event; (2) the admission or assertion must have been made so soon after the occurrence that the declarant is still in the emotional grip of the shocking event; and, (3) the assertion must relate to the event. *Norwood v. State,* 486 S.W.2d 776 (Tex.Cr. App.1972); *Evans v. State,* 480 S.W.2d 387 (Tex.Cr.App.1972).

"In determining the admissibility of spontaneous declarations the element of time is an important factor to take into consideration, but it is not the controlling factor. The paramount factor, upon which time has an important influence, 'is whether the person who made the statement or declaration was still dominated at the time by emotions

instigated by the happenings of the principal act or event.'" *Fisk v. State,* 432 S.W.2d 912 (Tex.Cr.App.1968).

In the case before us, the psychological factors which lend credence to a spontaneous utterance were present. A ten-year-old girl such as the prosecutrix would justifiably be seized in an emotional grip following such a startling event. In addition, the prosecutrix herself testified to exactly the same matters that her mother adduced. *Patterson v. State,* 458 S.W.2d 658 (Tex.Cr. App.1970). Appellant's third ground of error is overruled.

In his fourth and fifth grounds of error, appellant contends that during cross-examination of defense witness Mr. James Johnson, the prosecutor was improperly allowed to elicit evidence of an extraneous assault for which appellant and Mr. Johnson were allegedly indicted.

Mr. Johnson testified that he had been acquainted with appellant's family for about eight or nine years; that he had lived in appellant's home previously; that he had not observed anything in the Clayton home to be particularly wrong; that he knew appellant "like a book"; that he would have no hesitancy about leaving either his nine-year-old daughter or eight-year-old son in appellant's sole care; and that he had complete confidence in appellant.

On cross-examination, Mr. Johnson testified that he and appellant often went out together. The prosecutor then asked:

As a matter of fact, you were together indicted for beating up a man not too long ago, weren't you?

Appellant's counsel objected, and stated "That's entirely irrelevant. The case has been dismissed." The objection was overruled, however, and Mr. Johnson answered the question "Yes."

An objection to admission of evidence of extraneous offenses on grounds that they were not relevant to any issue at trial is too general to preserve error. *Carr v. State,* 600 S.W.2d 816 (Tex.Cr.App.1980); *Wilson v. State,* 541 S.W.2d 174 (Tex.Cr. App.1976). In the case of *Simpson v. State,*

507 S.W.2d 530 (Tex.Cr.App.1974), the defendant claimed on appeal that the trial court erred by overruling his objections to questions which suggested that he had previously committed extraneous offenses. The objection had been "... it is simply and purely irrelevant to this proceeding." The Court of Criminal Appeals said that this was a general objection, which was like no objection at all; consequently; error, if any, was not preserved for review.

In this case, error was not properly preserved in the trial court, and appellant's fourth and fifth grounds of error are overruled.

In his sixth ground of error appellant contends that the trial court erred by allowing the State to impeach its own witness on collateral matters which were "not injurious to the state's case."

Appellant's daughter was called as an adverse witness by the State. She testified that she and the prosecutrix were in appellant's room watching television and talking when, in response to appellant's order, she powdered him "right between the legs right on his thighs right there." Out of the hearing of the jury, the following discussion occurred:

PROSECUTOR: "Your Honor, I want to claim surprise... [W]hen she testified before the Grand Jury, at that time she said she powdered his privates.

\*   \*   \*   \*   \*   \*

THE COURT: The only issue here is ... you're asking now to lead this witness as though she were not a State's witness.
PROSECUTOR: That's all I would like to ask, a few leading questions...
THE COURT: You're going to ask if she made a different statement on a different occasion. Is that what you're going to ask?
PROSECUTOR: That's right, your Honor.

The court overruled appellant's objection and his daughter was questioned further:
PROSECUTOR: Do you recall ... testifying ... about a month and a half ago?
WITNESS: Yes sir.

\*   \*   \*   \*   \*   \*

PROSECUTOR: ... [w]hen I asked you where did you powder him and you said on his privates.

\*   \*   \*   \*   \*   \*

PROSECUTOR: You do recall saying that?
WITNESS: Yes, sir.

\*   \*   \*   \*   \*   \*

PROSECUTOR: At that time do you recall saying that you powdered him on his privates?
WITNESS: Yes, sir.
PROSECUTOR: Are you changing that now?
WITNESS: No, sir.

■ "A party may not impeach its own witness unless the witness testifies to facts injurious to that party's case and the party demonstrates that he was surprised by such testimony." *Houston v. State,* 626 S.W.2d 43 (Tex.Cr.App.1981). The State may demonstrate surprise by showing that the prior statement of the witness was inconsistent with her trial testimony.

■ The witness *admitted* that her prior statement was inconsistent with her previous testimony, the requirement of surprise is sufficiently demonstrated. Further, since the unexpected statement of the witness directly contradicted the testimony of the prosecutrix, it is clear that the State's case suffered injury. Appellant's sixth ground of error is overruled.

In his seventh and final ground of error, appellant contends that the testimony showing that his daughter powdered him on his privates constitutes inadmissible and prejudicial evidence of another sexual offense, and that this evidence was unnecessary to prove any element of the State's case or to disprove any defensive theory.

■ Evidence that the accused has committed an extraneous offense may be admissible to prove identity, intent or knowledge, state of mind, motive, system, scheme or plan, and to rebut or refute a defensive theory. However, in determining whether any evidence is admissible, we must determine whether its probative value

outweighs its inflamatory aspects. *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App. 1972).

It is well settled that "... [w]here an offense is one continuous transaction, or another offense is part of the case on trial or closely interwoven or blended with the case on trial, proof of all facts relating to the transaction or other offense is proper as part of circumstances attending the offense. [Citations omitted.] Such an extraneous offense is admissible to show the context in which the instant offense occurred under the reasoning that events do not occur in a vacuum and the jury has a right to hear what events immediately surrounded the criminal act charged so that they may realistically evaluate the evidence." *Hoffert v. State,* 623 S.W.2d 141 (Tex.Cr.App.1981). In addition, this evidence was first introduced by the complaining witness without objection; therefore, its admission, even if improper was not reversible error. *Orozco v. State,* 164 Tex. Cr.R. 630, 301 S.W.2d 634 (1957).

We hold that the admission into evidence of the allegedly extraneous offense did not constitute reversible error.

All of appellant's grounds of error are overruled and the judgment of the trial court is AFFIRMED.