Jesse Flores ARCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00249–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 24, 1986.

Rehearing Denied Oct. 29, 1986.

Manuel P. Montez, San Antonio, for appellant.

Sam Millsap, Jr., Phylis West, Elizabeth Taylor, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CANTU, REEVES and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for aggravated robbery. TEX. PENAL CODE ANN. § 29.03 (Vernon 1974). After a jury found appellant guilty, it found an enhancement paragraph in the indictment true, and assessed punishment at 25 years confinement.

Appellant's sole point of error complains that the trial court erred in overruling his objection to testimony which allegedly improperly impeached his alibi witness, Raymond Lopez, on a collateral matter; and that the impeachment evidence presented evidence of a collateral offense.

The complainant, Steven Aldaco, testified that on December 2, 1984, he was walking in San Antonio, with his brother and sister. According to Aldaco, appellant approached the three, pointed a gun at them and grabbed a large radio that Aldaco was carrying. The appellant than ran down the street with the radio and entered a nearby house. Although police were called, appellant was not arrested until January 27, 1985, when Aldaco spotted appellant in the downtown San Antonio area and alerted the police.

Appellant's trial was held in March of 1985. Appellant maintained at trial that he was working at the St. Anthony Hotel at the time the radio was stolen, and offered the testimony of his supervisor, Raymond Lopez, to corroborate his alibi defense. On direct and again on cross-examination, Lopez testified that appellant had worked for the St. Anthony for about a year to a year and one-half, but he did not remember the exact date or month when appellant started.

Appellant also called Sergeant Simon Montalvo of the Bexar County Sheriff's Department to testify as Custodian of the Records of that Department, in order to introduce photographs taken of appellant at the time he was arrested, in an attempt to impeach Aldaco's description of appellant given at the time of appellant's arrest. The State, outside the presence of the jury,

informed the court that it intended to elicit information from Sgt. Montalvo that was contained in the criminal history accompanying the photographs of appellant; that appellant had been paroled from the Texas Department of Corrections on March 26, 1984. The State sought to offer this evidence in an attempt to impeach Lopez's testimony that appellant had worked for the St. Anthony for a year to a year and one-half. Appellant objected on the grounds that the evidence was "entirely prejudicial" and indicated that appellant had a criminal history which was not an issue in the case.

Appellant further objected, stating:

My objection, for the record is, one, it's inadmissible on the basis of, first, that it was the State that inquired on the term of employment and they cannot be allowed to ask about or to impeach a witness, impeach him from a question that they ask and from information that they get, first of all. And the second objection is, obviously, it indicates an extraneous offense and it would indicate a criminal record of the Defendant. The issue of the Defendant's character and the Defendant's past criminal history does not become an issue in this particular case as yet. The Defendant has not testified at this time. The Defendant's character has not been put into issue by the Defendant or by the defense.

This objection was overruled, and Sgt. Montalvo was permitted to testify that appellant had been paroled on March 26, 1984.

Appellant maintains that his length of employment was not an issue in the case, but insists that the only issue is whether he was working on the day of the robbery. Thus appellant argues that the length of his employment was a collateral matter about which the State was not entitled to offer impeaching evidence. Appellant further argues that in any event the evidence did not conclusively impeach Lopez's testimony because Lopez stated that appellant had worked at the St. Anthony for about a year to a year and one-half, which is not

totally inconsistent with the fact that appellant was paroled one year prior to trial.

The State contends that appellant has not properly preserved this objection for appeal, alleging that the objection was too general. Initially we hold that appellant's objection that the testimony indicated an extraneous offense and presented character information concerning his criminal history sufficiently presented an objection to the trial court.

■ As a general rule, a witness may not be impeached on immaterial or collateral matters. *McManus v. State*, 591 S.W.2d 505 (Tex.Crim.App.1979) (en banc). However, such evidence may be admissible to rebut evidence offered by the appellant on his defensive theory. *Clayton v. State*, 653 S.W.2d 887 (Tex.App.—Corpus Christi 1983, no pet.).

■ In the case before us, the State sought to impeach the appellant's alibi witness by showing that appellant could not have worked at the St. Anthony for a year to a year and one-half since he had been paroled slightly less than a year prior to trial. Clearly appellant's whereabouts approximately eight months before the robbery occurred was collateral to the issue of his whereabouts on December 2, 1984, the date of the robbery. The admission of such evidence was error.

■ A reversal is mandated when error appears in the record on appeal, unless the appellate court determines beyond a reasonable doubt that the error did not contribute to the conviction. TEX.R. APP.P. 81(b)(2). Thus we apply the harmless error rule to determine whether there was a reasonable probability that the evidence complained of might have contributed to the conviction. *Montoya v. State*, 625 S.W.2d 25 (Tex.App.—San Antonio 1981, no pet.). The complained of error cannot be evaluated in isolation. All of the facts and evidence must be reviewed and if excluding the erroneously admitted evidence guilt can be established beyond a reasonable doubt admission was harmless.

*Gonzales v. State*, 626 S.W.2d 888 (Tex. App.—San Antonio 1981, pet. ref'd.).

■ The complainant and his brother, Jesse Aldaco, both testified that appellant took a radio from Steven Aldaco at gunpoint on December 2, 1984. Steven Aldaco also testified to seeing appellant on January 27, 1985, when he was arrested. The appellant offered testimony that he was working on the date in question, but did not establish a conclusive alibi at the time of the robbery. As a conflict in the evidence existed, it was within the province of the jury to evaluate the credibility of the witnesses and determine the appellant's guilt or innocence.

Evidence that appellant had been paroled in March of 1984 was collateral to the issue of appellant's whereabouts on December 4, 1984. Absent such information, the jury still had sufficient evidence upon which to convict appellant. Thus, we find beyond a reasonable doubt that the admission of such evidence did not contribute to appellant's conviction.

■ Furthermore, the admission of such evidence was of such a nature that an instruction limiting the jury's consideration of it to impeachment purposes would have cured any error. Although appellant requested and was promised a limiting instruction on impeachment to be included in the charge, no such limitation was given, and no objection to submission of the charge without the instruction appears in the record. Therefore, appellant's own omission prevented remedying of error easily curable by instruction. By failing to seek remedial measures, appellant has waived any complaint in the admission of the testimony complained about.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.

TIJERINA, Justice, dissenting.

I respectfully dissent. The majority concedes that the trial court erred in admitting, over objection, an immaterial and collateral matter to impeach a defense wit-

**150**

ness. The witness Lopez testified that appellant had worked at the St. Anthony Hotel for a year to a year and one-half. This evidence supported appellant's defense that he was working at the St. Anthony Hotel at the time of the alleged offense. Sergeant Montalvo, the Custodian of the Records of the Bexar County Sheriff's Department in effect testified as to appellant's prior conviction by stating to the jury that appellant had been paroled from the Texas Department of Corrections on March 26, 1984. I cannot agree with the majority that this was harmless error.

Under the prevailing rule in this regard, a witness may not be impeached on immaterial or collateral matters. *McManus v. State*, 591 S.W.2d 505, 524 (Tex.Crim.App. 1979) *Clifton v. State*, 686 S.W.2d 720, 725 (Tex.App.—San Antonio 1985). The state has an onerous burden of proving that the extraneous transaction or prior conviction is relevant to a material issue in the case and that the relevancy value outweighs its inflammatory or prejudicial effect. *Ruiz v. State*, 579 S.W.2d 206 (Tex.Crim.App.1979). In *Morrison v. State*, 625 S.W.2d 729, 730 (Tex.Crim.App.1981) the court stated, viz:

> The State proved two prior convictions at the punishment stage: felony theft over fifty dollars, with punishment at two years; and attempted capital murder, with punishment assessed at twenty years. We are unable to say the erroneous admission of the latter prior conviction could not have contributed to the assessment of punishment at thirty years in this case. *The error is not harmless.* (Emphasis added).

*Id* at 730. In this case the prejudicial effect of evidence of the extraneous offense far outweighed its probative value. There is no relevancy or relationship between proof of the extraneous offense and the state burden to prove the essential elements of the offense for which appellant was on trial. *Also see Murphy v. State*, 587 S.W.2d 718, 722 (Tex.Crim.App.1979). Accordingly, I would reverse and remand.