504

Lucille Jean Patrick
BEHRING, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–522–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 4, 1987.

Discretionary Review Refused
Feb. 10, 1988.

Edward F. Hollowood, Grand Prairie, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before KENNEDY, UTTER and BENAVIDES, JJ.

## AMENDED OPINION

KENNEDY, Justice.

The appellant, Lucille Jean Patrick Behring, was convicted for the offense of unlawful possession of methamphetamine. She was tried before a jury, sentenced to 60 years in prison and fined $35,000.00. We affirm.

After receiving information that appellant's brother, Elroy Behring, who had two outstanding warrants for his arrest, was living on a farm in De Witt County, police officers converged on the farm in the early morning hours. The officers found Elroy Behring, Lucille Behring and several others on the property in close proximity to a mobile home and small wood frame house. On closer inspection, the officers found a U–Haul trailer concealed from the road and set up as a methamphetamine lab. In the mobile home, police officers found a number of guns including a .458 Winchester rifle, an Uzi 9 m.m. submachine gun, and three .357 magnum pistols which appellant later testified were hers. In addition, the officers found two radio scanners in appellant's truck, which was outfitted as a makeshift camper with a portion of the U–Haul trailer roof bolted to the rear. The officers smelled a heavy odor which they recognized as methamphetamine on appellant and, after inspecting the wood frame house, found women's clothing which also smelled of methamphetamine. Police also

found flare gun primers [1] and receipts for the purchase of .458 and 9 m.m. ammunition in appellant's purse.

■ In her only point of error appellant argues that there is insufficient evidence to support the verdict that she is guilty of possessing methamphetamine. We find that there is sufficient circumstantial evidence to show that appellant both knew that methamphetamine was present and participated in its illegal manufacture.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984); *Kohler v. State*, 713 S.W.2d 141 (Tex.App. —Corpus Christi 1986, pet. filed). With regard to drug possession cases specifically, mere presence of the defendant at the scene of the offense does not make her a party to joint possession of a controlled substance. There must be additional evidence to show an "affirmative link" between the defendant and the contraband sufficient to establish that she both knew what the substance was and exercised care, control, and management over it. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986); *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985); *Campos v. State*, 716 S.W.2d 584 (Tex.App.—Corpus Christi 1986, no pet.).

In the case before us, not only was appellant found at the scene of the crime; she also had the strong odor of methamphetamine on her clothing and provided several of the guns, ammunition and flare primers which were clearly designed to protect the illegal lab from possible intrusion. No other plausible explanation except that appellant was part of the operation was given for this evidence at trial and it is not the responsibility of this Court to entertain vague and unsubstantiated speculation not raised by credible evidence as to what the appellant might have been doing so heavily

armed at the site of the lab. *See Del Rio v. State*, 664 S.W.2d 379, 381 (Tex.App.— Corpus Christi 1983, no pet.).

In other cases where there was little more in evidence than the defendant's presence at the scene, the smell of the drug on him and other circumstances indicating some contact with the drug, the courts have not hesitated to find a sufficient affirmative link to sustain the conviction. *Cruse v. State*, 722 S.W.2d 778 (Tex.App.— Beaumont 1987, pet. ref'd); *Simpson v. State*, 709 S.W.2d 797 (Tex.App.—Fort Worth 1986, pet. ref'd); *McGuill v. State*, 704 S.W.2d 46 (Tex.App.—Corpus Christi 1985, pet. ref'd). We overrule appellant's first point of error.

■ Appellant has filed a motion requesting leave to file a supplemental brief to raise an additional point of error. The motion has been denied by this Court. In the alternative, appellant requested that we consider as unassigned error that the trial court erred when the prosecutor, over objections, was permitted to introduce into evidence testimony of a police officer that he and three other officers were at the farm on the day in question to execute outstanding warrants against Elroy Behring for unlawful possession of a firearm by a felon. Even if we were to consider this as unassigned error, it would avail appellant nothing for reasons we will now discuss.

Appellant maintains that the testimony was highly prejudicial and relies on *Gant v. State*, 513 S.W.2d 52 (Tex.Crim.App.1974), for the proposition that it is improper for the trial court to admit evidence of extraneous offenses committed by appellant's associates and thereby create the impression of guilt by association in the mind of the jury. In *Gant*, 513 S.W.2d at 53, a police officer testified to the defendant's periodic association with known thieves in order to show an overall scheme or design in a prosecution for receiving stolen property.

---

**1.** One of the arresting officers testified that these primers are often used in drug operations

to quickly set fire to the lab if it is discovered by the police.

There are, however, two major differences between *Gant* and the present case.

First, the evidence in *Gant* circumstantially implicated the defendant in a criminal scheme or plan, as even the State admitted it was trying to show. Where the extraneous offenses of associates have not in any way implicated or involved the defendant, however, the courts have allowed such evidence. *Mitchell v. State,* 650 S.W.2d 801 (Tex.Crim.App.1983), *cert. denied,* 464 U.S. 1073 (1984); *Marinez v. State,* 636 S.W.2d 732 (Tex.App.—Corpus Christi 1982, no pet.). In the present case, appellant was in no way implicated by the warrants against her brother for unlawful possession of a firearm by a felon. Nor was it even possible for appellant, who had a clean record at the time, to commit such an offense.

Second, the periodic associations in *Gant* were not shown to be important to understanding the circumstances under which the defendant was arrested or committed the offense charged. The circumstances surrounding the occurrence of an offense, even when they involve separate offenses by the defendant, are admissible:

> to show the context in which the instant offense occurred under the reasoning that events do not occur in a vacuum and the jury has a right to hear what events immediately surrounded the criminal act charged so that they may realistically evaluate the evidence.

*Hoffert v. State,* 623 S.W.2d 141, 144 (Tex. Crim.App.1981); *Clayton v. State,* 653 S.W.2d 887 (Tex.App.—Corpus Christi 1983, no pet.)[2]

In the present case, evidence of the warrant for possession of a firearm by a felon was important to show the dangerous circumstances attending the arrest and the reason a total of four officers were necessary to effectuate the arrest. Without such evidence, the jury would not understand why police reinforced by DPS officers suddenly converged on the farm on the morning in question and would be left

to speculate impermissibly on what facts may have been kept from them at trial.

Judgment of the trial court is affirmed.

---

**2.** In *Butler v. State,* 645 S.W.2d 820, 824 (Tex. Crim.App.1983), extraneous offenses which were necessary to understand the context of the crime charged were admissible as part of the "res gestae" of the offense.