**Selma Sam McCLENNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45893.**

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied April 18, 1973.

Mary K. Wilkov, Laird Palmer, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment fifteen years imprisonment.

The appellant insists that the evidence is insufficient to support the conviction for murder with malice.

About three days prior to the shooting, Annie Johnson, the sister of James Johnson, the deceased, had a fight with the appellant. Shortly after midnight on the morning of his death, Johnson encountered the appellant in Martin's Drive In and told the appellant to leave his sister alone. An argument followed and the appellant threatened to kill Johnson if he "messed with him." The appellant pulled out a knife but backed away, got into an automobile and left. About twenty minutes later the appellant returned to the scene carry-

ing a shotgun and inquired as to where he might find Johnson. While the appellant stood talking with someone Johnson approached from the rear and one witness testified that Johnson dived toward the appellant. The appellant turned and fired from the hip. The blast of the shotgun tore away a part of Johnson's face, neck and shoulder, killing him instantly. No weapon was found on or near the body of Johnson. Immediately after the shooting the appellant directed uncomplimentary remarks toward Annie Johnson, who with another sister of the deceased was at the scene where their brother was shot.

■ The issue of self defense raised by the testimony was rejected by the jury. Under the circumstances already recited showing the deceased was shot at close range with a shotgun, the jury was authorized to find the murder was committed with malice. See Stallings v. State, 476 S.W.2d 679 (Tex.Cr.App.1972).

The remaining ground of error relates to additional instructions submitted to the jurors at their request after they had retired to deliberate on the guilt or innocence of the appellant.

The jury made a written request for instructions as follows:

"In simple layman's terms, what is the difference between murder with malice and murder without malice?"

The court prepared and submitted to counsel a written answer as follows:

"Murder with malice aforethought does not require a finding of premeditation and malice aforethought does not require any specific length of time for its germination or growth but may be formed immediately before the act is committed and can arise instantly."

Defense counsel orally objected that the jury already had a copy of the charge in which the offense of murder with malice aforethought had been defined and that there had been no mention of premeditation during the course of the trial.

The court overruled the objection and read the additional instructions to the jury. Later the jury asked for other instructions as follows:

"Difference between premeditation and murder with malice."

Without objection the court instructed the jury that,

"Ladies and gentlemen of the jury, in answer to your question, I must refer you back to the court's charge. Paragraph III defines murder with malice and Paragraph IV defines murder without malice. A comparison of these two paragraphs should be sufficient to inform you of the difference between murder with malice and murder without malice. In determining the guilt or innocence of the defendant you will be governed by the entire court's charge as previously given to you."

The appellant urges that the first additional instruction given by the court constituted reversible error because it was not responsive to the jury's request.

■ The matter complained of was not preserved for review. The court submitted additional instructions to the jury, at its request, after it had been retired in compliance with Article 36.27, Vernon's Ann.C.C.P. These instructions become a part of the main charge. Article 36.16, V.A.C.C.P. Objections to the court's charge do not preserve error unless timely made in writing. Article 36.14 and Article 36.15, V.A.C.C.P.[1] No written objections were leveled at the additional instructions submitted to the jury by the court.

The judgment is affirmed.

Opinion approved by the Court.

---

1. Article 36.16, V.A.C.C.P. specifically provides that Article 36.15, V.A.C.C.P. is applicable to objections to a charge in response to a jury's request. Even though not mentioned in Article 36.16, V.A.

C.C.P., Article 36.14, V.A.C.C.P. is also applicable to a charge given to the jury in response to their request. See also Article 36.19, V.A.C.C.P.