John Henry **RICH**, III, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48419.

Court of Criminal Appeals of Texas.

June 5, 1974.

Rehearing Denied July 2, 1974.

———◆———

Marshal W. Dooley, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Justice.

Appellant was convicted of murder; punishment was assessed at life.

■ In his first two grounds of error appellant complains of the State's cross-examination of his character witnesses. No objections to the questions were made during the course of the cross-examination, and motion for mistrial was first made after the testimony was closed. This was too

late, since an objection raised at the first opportunity, if sustained, could have prevented over ninety percent of the matter now complained of from having occurred. Nothing is presented for review.

■ Appellant next contends the admission of two photographs taken of items in his living room were improperly admitted because the actual shooting took place in the bedroom. A decision on the admissibility of photographs rests largely in the discretion of the trial judge. Martin v. State, Tex.Cr.App., 475 S.W.2d 265. Appellant's only objection when the evidence was offered was that they were "irrelevant and prejudicial." This objection was too general; nothing is presented for review. See Dyche v. State, Tex.Cr.App., 478 S.W.2d 944, and authorities cited therein.

■ By his fourth ground of error appellant complains of the State's voir dire examination of the jury and argument at the guilt stage wherein the range of punishment for murder without malice was mentioned. Under our holdings in Cook v. State, Tex.Cr.App., 488 S.W.2d 822, and cases cited therein, this was not reversible error.

■ Next appellant contends the State in argument incorrectly informed the jurors of the law. His request that the court instruct the jury on the law regarding the carrying of firearms was denied. We do not perceive appellant's complaint to be directed to any failure to instruct the jury to disregard the complained of argument but, rather, to be directed to the court's failure to supplement its charge to the jury under Article 36.16, Vernon's Ann.C.C.P.

Article 36.16, supra, provides in part:

"After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion,

permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is prescribed in Article 36.15."

No written objections were made to the failure of the charge to instruct the jury on the matter complained of. Therefore nothing was preserved for review. Cf. McClennon v. State, Tex.Cr.App., 492 S.W.2d 524.

Finally, appellant complains of the following argument made at the guilt stage:

" . . . we can deduct from some of these conversations that she had had with these people—

"MR. BRUDER: Your Honor, at this time, we're going to object on the grounds he's not permitted to deduct anything from hearsay statements that are not admissible. We contend—

"THE COURT: Is that what your statement was saying?

"MR. HILL: It was not.

"MR. BRUDER: We further contend this is nothing more than an attempt to get in front of the jury evidence which the prosecutor knows he cannot get in front of the jury and make further objection at this time.

"THE COURT: Overruled.

"MR. BRUDER: Exception.

"MR. HILL: Let's take a look at some of these prior relationships that this Defendant had with his wife. We know that he lived in Austin during the early part of their marriage. They had a couple of children. We know that a friend of Carolyn's moved or went down there one summer and that they agreed to let her stay there in their house. We also know and John Rich, at least, will

admit that Carolyn thought that there was some kind of a relationship, an intimate relationship between her husband and this so-called friend of hers down there while she was working every day down in Austin paying for the T–Birds and stereos. He's out selling cars with supposedly her friend there at the house.

"MR. BRUDER: Objection. There's no testimony about him being out with anybody. The testimony is he sold cars.

"THE COURT: Members of the jury, you recall the testimony as you heard it, please."

The suggestion that deductions be made from hearsay could well be improper,[1] but we are unable to say that this record reflects reversible error.

■ The prosecutor's argument was interrupted at a point which left the direction it was taking uncertain. Although deductions from hearsay are improper, conversations not admissible as hearsay may be admissible to show the statements made, though not the truth of the matter stated, when the making of the statement is relevant on a matter at issue. Deductions from such conversations could be proper.

■ Here, the record does not reflect to which conversations counsel was referring nor what deductions he proposed to make therefrom. The only indications in the record are counsel's assertion, immediately following the objection, that he was not making deductions from inadmissible hearsay statements, and the course of his argument following the objection, which consists of a series of legitimate deductions from the evidence in the record before us. It therefore does not appear that any improper deductions from hearsay were made or suggested.

Finding no reversible error, the judgment is affirmed.

1. Cf. Berryhill v. State, Tex.Cr.App., 501 S.W.2d 86.