**Bill WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 51022, 51024.**

Court of Criminal Appeals of Texas.

Sept. 20, 1976.

John E. Gleaton, Comanche, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These are appeals from convictions for arson and aggravated assault. Punishment was assessed at five years for the offense of arson and three years for the aggravated assault. Because the issue of double jeopardy is raised, the appeals will be considered together.

We will first consider the appeal from the arson conviction.

Appellant's only ground of error in the arson appeal is that the trial court committed error by admitting testimony of extraneous offenses into evidence. This ground of error must be overruled. Appellant's only objection to the testimony at trial was:

"Objection, your Honor, I can't see the relevancy of this line of questioning in this cause . . ."

This objection is too general. It does not specifically state any reason why the evidence should have been excluded. The objection does not preserve error for review. *Rich v. State*, Tex.Cr.App., 510 S.W.2d 596; *Dyche v. State*, Tex.Cr.App., 478 S.W.2d 944.

We now consider the appeal from the conviction for aggravated assault where, in his only ground of error, appellant contends that he has been twice placed in jeopardy for the same offense and that this violates the Texas Constitution [1] and the doctrine of carving. This assertion is founded on the following facts.

Appellant was arrested and placed in jail upon a charge of incest. He started a fire in the cell in which he was confined. Dur-

1. Tex.Const. Art. I, Sec. 14.

ing the fire, Deputy Sheriff Gorman removed appellant from his cell and proceeded to take him to a place of safety. Appellant then attacked the deputy with a pocket knife. Gorman later suffered from smoke inhalation as a result of the fire.

Two convictions were obtained against appellant from these incidents. First, he was convicted of arson causing bodily injury. V.T.C.A. Penal Code Sec. 28.02. The first part of this opinion addresses his appeal from that conviction. In the arson trial, testimony was given concerning appellant's knife attack on Gorman. Expert evidence of smoke inhalation suffered by the same peace officer was also introduced at the arson trial.

Appellant was later tried for attempted capital murder of a peace officer on the basis of the knife assault, and was convicted of the lesser included offense of aggravated assault.

Appellant claims double jeopardy because he was tried twice for the same offense: the knife attack on the peace officer. This assertion is based on appellant's position that the knifing incident was proven in the arson trial to show that bodily injury had been suffered by Gorman and to render the arson a first degree felony under Sec. 28.02, supra.[2]

Appellant's position is valid only if Sec. 28.02(b) authorizes punishment for arson as a first degree felony when an arsonist starts a conflagration, then through some other action during the conflagration causes an injury unrelated to the fire itself.

Section 28.02(b) states that arson is a first degree felony only when bodily injury less than death "is suffered *by any person by reason of* the commission of the offense." (Emphasis added.) The Practice Commentary to this section states:

"Arson is graded a second-degree felony unless any person . . . suffers

bodily injury less than death as a result of the arson."

◼◼ The language of the section and the Practice Commentary leads us to the conclusion that the offense becomes a felony of the first degree only when bodily injury less than death is sufficiently related to or a result of the fire (or explosion) caused by the arsonist. In the arson prosecution, such injury was shown by expert testimony of injury from smoke inhalation. This injury was a direct result of the fire created by appellant. The knife attack, although proven at the arson trial, was not an injury suffered "by reason of" the arson, and could not support punishment as a first degree felony.

◼ Appellant also maintains that the State has violated the doctrine of carving.[3] He asserts that once he was found guilty of arson causing bodily injury he could not be tried subsequently for attempted murder of a peace officer. Appellant concludes that his conviction for aggravated assault was based on the same evidence and was part of the same transaction which led to his conviction for arson. We do not agree.

From the discussion above it is clear that the evidence of the assault with a knife on Gorman and the resulting injury could not authorize or support the conviction for arson as a first degree felony.

We overrule the ground of error on double jeopardy and the doctrine of carving.

For the reasons stated, both judgments are affirmed.

---

**2.** V.T.C.A. Penal Code Sec. 28.02(b), provides: "(b) An offense under this section is a felony of the second degree, unless bodily injury less than death is suffered by any person by reason of the commission of the offense, in which event it is a felony of the first degree."

**3.** ". . . the prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once." 1 Branch's Ann.P.C., 2nd Ed., Sec. 654, p. 625.