Michael Anthony MINOR

v.

STATE of Texas.

No. 04–81–00397–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 26, 1983.

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Edward F. Shaughnessy, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for murder. The jury which found appellant guilty as charged, assessed punishment at thirty-five years' confinement in the Texas Department of Corrections.

The offense occurred December 31, 1980, at approximately 5:00 p.m. on a city of San Antonio Via bus parked at Travis and Navarro Streets. It appear that appellant and his friends had been fighting with the victim and his friends at and in the vicinity of Travis Park. A city Via bus stopped to load passengers and all the participants in the fight boarded the bus and continued fighting, whereupon, appellant aimed his pistol to shoot Jesse Munoz but inadvertently shot and killed Jesse De Los Santos.

Appellant advances four grounds of error complaining of the court's charge as follows: (1) That the charge in applying the law of transferred intent to the facts failed to include the lesser included offense of voluntary manslaughter, and (2) involuntary manslaughter; (3) fundamental error in the failure to give a converse charge pursuant to TEX.PENAL CODE ANN. § 6.04(b)(2); and (4) that the trial's instruction on transferred intent amounted to an instruction to find defendant guilty of murder. The court's charge pursuant to TEX. PENAL CODE ANN. § 6.04(b)(2) defined transferred intent as follows:

b. A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:

. . . .

(2) A different person or property was injured, harmed or otherwise affected.

■ The record reflects that appellant did not make any written or oral objection to the court's charge and particularly to the omissions alleged as grounds of error. TEX.CODE CRIM.PROC. art. 36.14 (Vernon Supp.1982–1983), provides in pertinent part as follows:

Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. Said objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts, . . .

At the time that the State and appellant had rested their case, the following relevant colloquy transpired:

THE COURT: Mr. Granberry are you satisfied with the court's charge?

MR. GRANBERRY: Yes, sir.

Where defendant did not object to the trial court's charge or make any special request to the charge, any alleged error in the charge was waived. *Manry v. State,* 621 S.W.2d 619, 623 (Tex.Cr.App.1981). Where there has been no objection to the charge, it is appropriate to view the charge as a whole to determine whether error in the charge was fundamental. *Didion v. State,* 625 S.W.2d 436, 438 (Tex.App.—Houston [14th Dist.] 1981, no pet.).

■ In the instant case we must agree with appellant's contention that the law of transferred intent was not applied to the facts in the lesser included offenses of voluntary manslaughter or involuntary manslaughter; however, such omissions do not constitute fundamental error as to survive appellant's failure to object or to submit a specially requested charge. In *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App.1978) (Opinion on the State's Motion for Rehearing), the appellant challenged as fundamentally defective, the failure of the court to apply the law of parties to the facts of the case. The court noted that appellant *did not object* and held that the omission was not fundamental error, stating:

In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error *unless there is a timely and sufficient objection to the*

*court's charge or a specially requested charge is timely filed. Id. at 302, 303 (Emphasis ours).*

More recently in *Garrett v. State,* 642 S.W.2d 779, 781 (Tex.Cr.App.1982), the Court of Criminal Appeals granted discretionary review and addressed a set of facts analogous to case at bar, stating: "Although a proper charge on voluntary manslaughter and involuntary manslaughter would have contained the application of Section 6.04(b)(2), since appellant was convicted of murder any error could not constitute fundamental error" ... citing *Thomas v. State,* 587 S.W.2d 707 (Tex.Cr.App.1979).

Thus, we conclude that the omissions in the court's charge complained of on the first two grounds of error do not constitute fundamental error and that any alleged error in the charge was waived by appellant's failure to timely object.

 Grounds of error three and four were not properly preserved for review because of appellant's failure to object to the court's charge. Where no objection is made to the court's charge, the judgment will not be reversed on appeal because of error in the charge unless it appears that the defendant has not had a fair and impartial trial. *Harris v. State,* 522 S.W.2d 199, 201 (Tex.Cr.App.1975); TEX.CODE CRIM. PROC.ANN. art. 36.14 (Vernon Supp.1982–1983) and art. 36.19 (Vernon 1981).

The assertion that the court's failure to include a specific converse instruction constitutes fundamental error is without merit. A specific converse instruction is one in which each essential element of the offense is submitted for the jury's consideration with the instruction to acquit if the jury does not find that element to be true or has a reasonable doubt about it. The trial court adequately stated the elements of the offense, applied them to the facts as alleged in the indictment, and instructed the jury on the necessity of the State's proving each element beyond a reasonable doubt. *Eckert v. State,* 623 S.W.2d 359, 362 (Tex.Cr.App.1981).

Having viewed the record as a whole and the court's charge, we conclude that appellant was not denied a fair and impartial trial. All grounds of error are overruled.

The judgment is affirmed.

CANTU, Justice, concurring.

I concur in the results based upon an application of *Thomas v. State,* 587 S.W.2d 707 (Tex.Cr.App.1979) to the facts of this case. However, I am not convinced that an application of sec. 6.04(b)(2) Penal Code is appropriate to the lesser included offense of involuntary manslaughter as the majority suggests. *See also Garrett v. State,* 641 S.W.2d 232 (Tex.Cr.App.1981).

I continue to adhere to the belief that transferred intent does not apply to an offense containing recklessness as a culpable mental state. See opinion by this writer *Garrett v. State,* 624 S.W.2d 953 (Tex.App. —San Antonio 1981), *rev'd,* 641 S.W.2d 232.

I disassociate myself from that portion of the majority opinion that suggests the appropriateness of such an application, otherwise I agree that a conviction for the greater offense renders any error in the lesser offense application of the charge non fundamental.