NUMBER 13-04-623-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SERGIO SIERRA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 357th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Yañez
 

 Appellant, Sergio Sierra, was convicted of first-degree felony theft and sentenced
to five years of confinement in the Texas Department of Criminal Justice-Institutional
Division. See Tex. Penal Code Ann. 31.03 (Vernon Supp. 2007). We affirm the judgment
of the trial court.

 I. Background


 The background of the case and the evidence adduced at trial are well known to the
parties, and therefore we limit recitation of the facts herein. In short, appellant, an attorney,
approached several individuals and asked them if they wanted to make an investment by
loaning his clients funds during the interim while his clients were waiting for judgments or
settlements to fund. Appellant prepared promissory notes for the amounts of the loans and
listed himself and his named clients as makers of the notes. Appellant made some, but
not all, of the payments on the notes, and ultimately failed to repay more than $200,000
of the money he obtained through these loans.

 Appellant raises sixteen issues on appeal. (1) We issue this memorandum opinion
because the issues are well settled in law. See Tex. R. App. P. 47.4.

II. Quashing a Witness Subpoena


 In his first issue, appellant contends that the trial court erred in quashing his
subpoena for attorney Thomas Sharpe. Sharpe represented some of the complaining
witnesses in a separate civil action to collect the monies at issue in this case from
appellant. According to appellant, Sharpe's testimony would have shown the animus, bias,
and prejudice of the complaining witnesses. The trial court quashed the subpoena on
grounds that the testimony sought to be elicited was either cumulative or protected by the
attorney-client privilege.

 We review a motion to quash a subpoena under an abuse of discretion standard.
Muennink v. State, 933 S.W.2d 677, 684 (Tex. App.-San Antonio 1996, pet. ref'd). 
Criminal defendants have a right to compulsory process for obtaining witnesses. U.S.
Const. amend. VI; Tex. Const. art. I, § 10. However, the right to compulsory process is
not absolute: a defendant has the right to secure the attendance of witnesses whose
testimony would be both material and favorable to his defense. See Coleman v. State, 966
S.W.2d 525, 527-28 (Tex. Crim. App. 1998). To exercise this right, the defendant must
make a plausible showing to the trial court, by sworn evidence or agreed facts, that the
witness's testimony would be both material and favorable to the defense. Id. at 528.

 In the instant case, appellant did not make the required showing that Sharpe's 
testimony would be both material and favorable to the defense. The State presented
evidence and testimony that the sought-after testimony was both cumulative and tangential
to the case-in-chief. Further, and most saliently, appellant failed to provide sworn evidence
or agreed facts regarding the materiality and favorableness of Sharpe's testimony. 
Accordingly, the trial court did not abuse its discretion in granting the State's motion to
quash the subpoena. See id. We overrule this issue.

III. Legal and Factual Sufficiency of the Evidence


 In his second, third, fourth, fifth, and tenth issues, appellant argues that the
evidence was legally and factually insufficient to support his conviction.

 In reviewing legal sufficiency, we examine the evidence in the light most favorable
to the verdict to determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006). When performing a legal sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our judgment for that
of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must
resolve any inconsistencies in the testimony in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).

 In reviewing factual sufficiency, we view all of the evidence in a neutral light to
determine whether (1) the evidence in support of the jury's verdict, although legally
sufficient, is nevertheless so weak that the jury's verdict seems clearly wrong and unjust;
and (2) in considering conflicting evidence, the jury's verdict, although legally sufficient, is
nevertheless against the great weight and preponderance of the evidence. Watson v.
State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). We consider all the evidence;
however, we do not intrude upon the jury's role of assigning credibility and weight to the
evidence. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

 A person commits theft if the person unlawfully appropriates property with the intent
to deprive the owner of the property. See Tex. Penal Code Ann. § 31.03(a) (Vernon Supp.
2007). Appropriation is unlawful if it is without the owner's effective consent. See id. at §
31.03(b)(1). An owner's consent is not effective if it is induced by deception. See id. at §
31.01(3)(A). "Deception" means, inter alia:

 (a) creating or confirming by words or conduct a false impression of law
or fact that is likely to affect the judgment of another in the
transaction, and that the actor does not believe to be true; or 


 (b) failing to correct a false impression of law or fact that is likely to affect
the judgment of another in the transaction, that the actor previously
created or confirmed by words or conduct, and that the actor does not
now believe to be true; or 


 (c) promising performance that is likely to affect the judgment of another
in the transaction and that the actor does not intend to perform or
knows will not be performed, except that failure to perform the
promise in issue without other evidence of intent or knowledge is not
sufficient proof that the actor did not intend to perform or knew the
promise would not be performed. 


See id. § 31.01(1)(A), (B), (E) (Vernon Supp. 2007). 

 To constitute theft, the defendant must intend to deprive the owner of the property
at the time the property is taken. Wilson v. State, 663 S.W.2d 834, 836-37 (Tex. Crim.
App. 1984) (en banc). The intent to deprive is determined from the words and acts of the
accused. King v. State, 174 S.W.3d 796, 810 (Tex. App.-Corpus Christi 2005, pet. ref'd). 

Specific intent to commit theft can be inferred from the surrounding circumstances. See
Coronado v. State, 508 S.W.2d 373, 374 (Tex. Crim. App. 1974). A jury may infer intent
from a defendant's acts, words, and conduct. Hart v. State, 89 S.W.3d 61, 64 (Tex. Crim.
App. 2002). 

 In determining whether the evidence is legally sufficient to establish whether
appellant had the criminal intent to commit theft, we examine evidence "pertaining to
whether appellant personally gained from what was allegedly taken, whether he partially
performed on any of the representations that were made to the complainants, whether he
used deception to obtain property, and whether any inferences can properly be drawn from
the combined force of the circumstantial evidence." Christensen v. State, 240 S.W.3d 25,
32 (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd); see also Reed v. State, No. 13-05-00364-CR, 2008 Tex. App. LEXIS 2188, *5 (Tex. App.-Corpus Christi Mar. 27, 2008, no
pet.)(mem. op.) (not designated for publication).

 A review of the record evidence shows that appellant approached several
individuals, including Mariano Garcia, Ruben Rodriguez, Claude Harden, Tim Hartzog, and
Juan Carlos Cristobal, and asked them if they wanted to invest funds. Appellant
represented that some of his clients had received judgments or settlements in their favor
and were interested in obtaining short-term loans until their judgments or settlements had
funded. These individuals agreed to loan funds to appellant's clients. 

 Appellant prepared promissory notes for the amount of the loans and listed himself
and his various clients as makers of the notes. Upon receiving the checks from the
investors, appellant deposited them into his personal checking account. Appellant's
checking account records do not indicate corresponding disbursements to these clients,
although he argued at trial that the disbursements were made in cash. Testimony adduced
at trial indicates that appellant's clients were not, in fact, waiting for settlement
disbursements or judgment payments. 

 Appellant made some, but not all, of the payments on the notes, and ultimately
owed the investors more than $200,000. The record evidence suggests that appellant
utilized investments received from later investors to pay the earlier investors. Appellant
also made some of the payments to the investors by writing a check on one of his closed
bank accounts. 

 Appellant attacks the legal and factual sufficiency of the evidence by contending,
essentially, that this is a civil matter involving a debtor-creditor relationship and the
evidence herein does not establish the crime of theft. Appellant alleges that the
complaining witnesses were his business partners. Appellant further notes that each of
the investors was partially repaid and that some were repaid in full. Appellant also points
out that the complainants treated the investments, for income-tax purposes, as business
loans or business losses. 

 "The critical distinction between conduct that is criminal versus civil in nature is
whether the record shows deception and not merely a failure to perform." Christensen, 240
S.W.3d at 34. In other words, a claim of theft, made in connection with a contract, requires
proof of more than an intent to deprive the owner of property and subsequent appropriation
of the property. Jacobs v. State, 230 S.W.3d 225, 229 (Tex. App.-Houston [14th Dist.]
2006, no pet.). If money was voluntarily given to appellant pursuant to a contract and there
is insufficient evidence in the record to show the money was obtained by deception, the
conviction cannot stand. Id. at 229-30. "In sum, the State must show a rational factfinder
could have found appellant had no intention of fulfilling his obligation under the agreement,
and his promise to perform was 'merely a ruse to accomplish theft by deception.'" Id. at
230 (quoting King v. State, 17 S.W.3d 7, 15 (Tex. App.-Houston [14th Dist.] 2000, pet.
ref'd)); see also Reed, 2008 Tex. App. LEXIS 2188, at *5.

 We agree with appellant that a theft conviction resulting from an otherwise
contractual civil dispute may warrant reversal where there is insufficient evidence to
support a finding that the accused acted with the requisite criminal intent. See Peterson
v. State, 645 S.W.2d 807, 811-12 (Tex. Crim. App. 1983); Phillips v. State, 640 S.W.2d
293, 294 (Tex. Crim. App. 1982). However, based on the testimony adduced at trial, we
are unable to agree that such is the case herein. Although it is clear that appellant partially
performed under the promissory notes at issue, the evidence indicates that appellant used
deception to gain control of the funds at issue and that he utilized the funds for his own
personal use. The complaining witnesses testified that they had given appellant the money
based on appellant's representations that the money was being used for short-term loans
for appellant's clients, who had received judgments or settlements in their favor, but which
had not yet been funded. Instead, some of the clients subject to the loans had not
received judgments or settlements, and appellant deposited the money into his personal
account. 

 Based on the foregoing, we conclude that the evidence is legally and factually
sufficient to support appellant's conviction for theft. We overrule these issues. 

IV. Extraneous Offenses


 In his sixth issue, appellant contends that the prosecutor caused reversible error by
making an oral allegation of an extraneous offense, that is, improper influence. See Tex.
Penal Code Ann. § 36.04 (Vernon 2003). In this context, appellant points to a colloquy
between the prosecutor and a witness in which the prosecutor established that appellant
sought and received a temporary restraining order in a separate legal proceeding, and the
prosecutor then questioned the witness regarding whether the trial judge in that separate
proceeding had been appellant's roommate in college. 

 This discourse was the subject of a prompt objection on the grounds of relevance
and assuming facts not in evidence. Counsel requested a limiting instruction and mistrial. 
The trial court sustained the objection, instructed the jury to disregard the question, and
denied the mistrial.

 An objection stating one legal theory may not be used to support a different legal
theory on appeal. Chambers v. State, 903 S.W.2d 21, 32 (Tex. Crim. App. 1995). A
general relevance objection at trial does not preserve a rule 404(b) extraneous offense
claim. Carr v. State, 600 S.W.2d 816, 817 (Tex. Crim. App. 1980); Wilson v. State, 541
S.W.2d 174, 175 (Tex. Crim. App.1976). Moreover, there is no indication in the record that
the trial court's instruction to the jury did not adequately rectify the brief question and
answer. Accordingly, this issue is overruled.

 In his seventh issue, appellant contends the trial court erred in admitting evidence
of extraneous offenses of forgery. Appellant similarly failed to object to the alleged
evidence on grounds of an extraneous offense. See Carr, 600 S.W.2d at 817. 
Accordingly, this issue is also overruled.

V. Charge Error


 In his eighth issue, appellant contends that the trial court erred in denying a
converse charge in the application paragraph. (2)
 When reviewing charge errors, an
appellate court must undertake a two-step review: first, the court must determine whether
error actually exists in the charge, and second, the court must determine whether sufficient
harm resulted from the error to require reversal. Abdnor v. State, 871 S.W.2d 726, 731-32
(Tex. Crim. App. 1994); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)
(on rehearing). 

 The charge in this case instructed the jury to find appellant not guilty if the jurors had
a reasonable doubt whether "at the very time of acquisition . . . [of the property] Sergio
Sierra intended to deceive . . . ." The charge instructed the jury to find appellant guilty if
the jurors believed that he appropriated currency from the victims without their effective
consent, namely by deception, but to find him not guilty if they had a reasonable doubt. 

 A thorough reading of the entire charge confirms that the jury was properly
instructed to find appellant not guilty if the jurors had a reasonable doubt as to appellant's
guilt of the offense of theft. See Moore v. State, 100 Tex. Crim. 352, 273 S.W. 588 (1925);
Davila v. State, 749 S.W.2d 611, 614 (Tex. App.-Dallas 1982, pet. ref'd). Accordingly, this
issue is overruled.

 In his ninth issue, appellant argues that the trial court erred in refusing his special
charge on intent. Appellant argues that his theory of defense at trial was that he intended
to pay the loans back. Appellant directs our attention to his counsel's requested instruction
in the charge conference:

 [Y]ou are further instructed that even if you find from the evidence beyond
a reasonable doubt that the defendant obtained the property from the
complainant and that he secured the property by deception, if any, you
should find from . . . the evidence that there is no other evidence of intent on
the part of the defendant not to pay for such services at the time he made
the promise to pay, or if you have a reasonable doubt that there is such
evidence of said intent, you will acquit the defendant and find him not guilty.


We cannot conclude that appellant's proffered instruction was a correct statement of the
law. In the instant case, the trial court properly instructed the jury regarding intent. The
charge informed the jury that a person commits theft if he unlawfully appropriates property
with intent to deprive the owner of the property. See Tex. Penal Code Ann. § 31.03(a). 
The charge informed the jury that "deception" means:

 (a) creating or confirming by words or conduct a false impression of law
or fact that is likely to affect the judgment of another in the
transaction, and that the actor does not believe to be true; or 


 (b) failing to correct a false impression of law or fact that is likely to affect
the judgment of another in the transaction, that the actor previously
created or confirmed by words or conduct, and that the actor does not
now believe to be true; or 


 (c) promising performance that is likely to affect the judgment of another
in the transaction and that the actor does not intend to perform or
knows will not be performed, except that failure to perform the
promise in issue without other evidence of intent or knowledge is not
sufficient proof that the actor did not intend to perform or knew the
promise would not be performed. 


This language is derived directly from the Texas Penal Code's definition of "deception." 
See Tex. Penal Code Ann. § 31.01(1)(A), (B), (E). The charge further instructed the jury
that "[a] person acts intentionally, or with intent, with respect to the nature of his conduct
when it is his conscious objective or desire to engage in the conduct," and "[a] person acts
knowingly, or with knowledge, with respect to the circumstances surrounding his conduct
when he is aware that the circumstances exist." This language also derives from the penal
code. See id. § 6.03(a), (b) (Vernon 2003). We conclude that the trial court adequately
stated the elements of the offense, applied them to the facts as alleged in the indictment,
and instructed the jury on the necessity of the State's proving each element beyond a
reasonable doubt. See Eckert v. State, 623 S.W.2d 359, 362 (Tex. Crim. App. 1981);
Minor v. State, 662 S.W.2d 659, 661 (Tex. App.-San Antonio 1983, no writ). Accordingly,
this issue is overruled.

VI. Peremptory Challenge


 In his eleventh issue, appellant argues that the trial court erred in overruling his
request for an additional peremptory challenge when one of the jurors stated that one of
the complaining witnesses had been her middle school teacher and had also babysat her
when she was a child. 

 Harm from the erroneous denial of a defense challenge occurs: (1) when a
defendant exercises a peremptory challenge on a veniremember whom the trial court
should have excused for cause at the defendant's request, (2) the defendant uses all of
his statutorily allotted peremptory challenges, and (3) the defendant unsuccessfully
requests an additional peremptory challenge which he claims he would use on another
veniremember whom the defendant identifies as "objectionable" and who actually sits on
the jury. Newbury v. State, 135 S.W.3d 22, 31 (Tex. Crim. App. 2004). The record reflects
that this veniremember did not actually serve on the jury in this case, and the record does
not reflect that the trial court erroneously denied any challenge for cause which resulted
in seating any identified "objectionable" juror. Accordingly, this issue is overruled. See id.

VII. Prosecutorial Misconduct


 In his twelfth issue, appellant complains that the prosecutor engaged in improper
ad hominem attacks against defense counsel. Defense counsel sought a limiting
instruction and mistrial regarding documents in evidence. The trial court reiterated a
limiting instruction previously given and overruled the request for a mistrial, whereupon the
prosecutor resumed argument by stating, "Listen to him. Listen to him over there whining. 
And he's whining to you, ladies and gentlemen -." Defense counsel's objection to this ad
hominem attack was overruled. 

 Permissible jury argument falls into one of four areas: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of
opposing counsel; or (4) a plea for law enforcement. Cannady v. State, 11 S.W.3d 205,
213 (Tex. Crim. App. 2000). The Texas Court of Criminal Appeals has consistently held
that argument that "strikes at a defendant over the shoulders of defense counsel" is
improper. Gallo v. State, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007); Wilson v. State,
7 S.W.3d 136, 147 (Tex. Crim. App. 1999).

 In the instant case, the prosecutor's comment was directed at defense counsel's
theories and arguments. Such argument does not warrant a reversal for attacking the
personal morals and integrity of defense counsel. Garcia v. State, 126 S.W.3d 921, 925
(Tex. Crim. App. 2004) (concluding that when the prosecutor told the jury that defense
counsel's arguments were "hogwash," the prosecutor was merely stating, in colorful
language, his opinion regarding the merits of defense counsel's arguments). 

 Even if such argument constituted error, the alleged error would be nonconstitutional
and, therefore, not reversible unless it affected appellant's substantial rights. We conduct
a harm analysis using the following three-factor test: (1) the severity of the misconduct (the
magnitude of the prejudicial effect of the prosecutor's remarks); (2) the measures adopted
to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the
certainty of conviction absent the misconduct (the strength of the evidence supporting the
conviction). Gallo v. State, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007); Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Reviewing the record in its entirety, we
conclude that the error, if any, did not affect appellant's substantial rights. We are
therefore compelled to overrule this issue. In reaching this conclusion, however, we do not
condone such argument, and we trust that this result will not encourage inappropriate
conduct by attorneys on either side of the bar. 

 In his fourteenth issue, appellant argues that the prosecutor improperly called the
defendant's failure to testify to the attention of the jury by pointing out that appellant failed
to appear at his disciplinary hearing before the State Bar of Texas. We disagree with
appellant's contention because this argument did not constitute an inferential comment on
appellant's failure to testify. Antwine v. State, 572 S.W.2d 541, 544 (Tex. Crim. App. 1978)
("In order for an argument to constitute a comment upon the appellant's failure to testify,
it must either be a direct comment or a necessary inference from the argument made."). 
Moreover, we note that appellant's only objection at trial was to the relevance of this
testimony. Accordingly, this issue is overruled.

VIII. Motion to Quash


 In his thirteenth issue, appellant contends that the trial court erred in overruling his
motion to quash seeking specific allegations of the manner and means of deception. The
indictment alleged that:

 SERGIO SIERRA . . . did then and there, pursuant to one scheme or
continuing course of conduct that began on or about the 7th day of June,
2000, and continued until on or about the 20th day of September, 2001,
unlawfully appropriate, by acquiring or otherwise exercising control over the
property, to wit: United States Currency or negotiable instruments, from
Mariano Garcia, the owner thereof, without the effective consent of the
owner, namely, by deception, and with intent to deprive the owner of the
property, and the aggregate value of the property obtained was $100,000 or
more but less than $200,000. 


The indictment continued with five similar paragraphs pertaining to different complainants
and concluded with a paragraph aggregating the amounts alleged to have been taken.

 When reviewing a trial court's decision to deny a motion to quash an indictment, we
apply a de novo standard of review. Lawrence v. State, 240 S.W.3d 912, 915 (Tex. Crim.
App. 2007). Because an accused has both federal and state constitutional rights to notice,
a charging instrument must be specific enough to notify the accused of the nature of the
accusation against him so that he may prepare a defense. Id.; see also U.S. Const.
amend. VI; Tex. Const. art. 1, § 10. However, this requirement may be satisfied by means
other than the language in the indictment. See Kellar v. State, 108 S.W.3d 311, 313 (Tex.
Crim. App. 2003). "When a motion to quash is overruled, a defendant suffers no harm
unless he did not, in fact, receive notice of the State's theory against which he would have
to defend." Id.; see Tex. Code Crim. Proc. Ann. art 21.19 (Vernon 2003) ("An indictment
shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be
affected, by reason of any defect of form which does not prejudice the substantial rights
of the defendant."). Except in rare cases, a charging instrument that tracks the language
of a criminal statute provides sufficient specificity to provide a defendant with notice of a
charged offense. State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

 A person commits an offense if he unlawfully appropriates property with intent to
deprive the owner of property. See Tex. Penal Code Ann. § 31.03(a) (Vernon 2003).
Appropriation of property is unlawful if it is without the owner's effective consent. See id.
§ 31.03(b)(1). Generally, if the legislature statutorily defines a term, the State need not
further allege it in the indictment. Geter v. State, 779 S.W.2d 403, 405 (Tex. Crim. App.
1989). If the statutory term provides for more than one manner or means to commit that
act or omission, however, then, upon timely request, the State must allege the particular
manner or means it seeks to establish. Id. at 405-06.

 The court of criminal appeals has held that "in a theft prosecution where the State
relies upon a defendant's act or omission to negate consent pursuant to § 31.01(4) [now
section 31.01(3)], the indictment must allege which of the statutory negatives vitiated
consent, or the indictment will be subject to a timely motion to quash for lack of notice."
Geter, 779 S.W.2d at 407; see Tex. Penal Code Ann. § 31.01(3) (Vernon Supp. 2007)
(defining "effective consent"). The Legislature has provided that consent is not effective
if it is:

 (1) induced by deception or coercion; 


 (2) given by a person the actor knows is not legally authorized to act for
the owner; 


 (3) given by a person who because of their youth, mental disease or
defect, or intoxication is known by the actor to be unable to make
reasonable property dispositions; 


 (4) given solely to detect the commission of an offense; or 


 (5) given by a person who, by reason of advanced age, is known by the
actor to have a diminished capacity to make informed and rational
decisions about the reasonable disposition of property. 


See Tex. Penal Code Ann. 31.01(3). 

 Thus, under Geter, it appears that appellant's motion to quash had merit. However,
when an indictment fails to convey some requisite item of notice, reversal is required only
if the lack of notice had an adverse impact on the defendant's ability to prepare a defense.
Geter, 779 S.W.2d at 407; Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986)
(en banc). 

 In his brief to this Court, appellant makes no effort to demonstrate that the defect
in the indictment harmed his defense. Reviewing the issue of notice in the context of the
case before us, we conclude that appellant's ability to prepare a defense was not hindered
by the trial court's failure to quash the indictment and require the State to specify the exact
definition of "deception" it planned to proceed on at trial. We also conclude that the impact
on appellant, if any, was negligible. Adams, 707 S.W.2d at 903. The ultimate test is
whether appellant received "fair notice" of the charges against him so as to adequately
prepare for his defense. Gorman v. State, 634 S.W.2d 681, 684 (Tex. Crim. App. 1982,
op. on reh'g). We conclude that any defect in the form of the indictment, if one exists, did
not prejudice the substantial rights of appellant. See Tex. Code Crim. Proc. Ann. art.
21.19 (Vernon 2003); Dodson v. State, 800 S.W.2d 592, 595 (Tex. App.-Houston [14th
Dist.] 1990, pet. ref'd). Accordingly, this issue is overruled.

IX. Collateral Estoppel


 In his fifteenth issue, appellant contends that the trial court erred in overruling his
special verified plea of collateral estoppel. According to appellant, the instant criminal
proceeding was barred by collateral estoppel based on prior disciplinary proceedings
against him by the State Bar of Texas. Appellant cites no relevant Texas authority in
support of his argument, and we have found none. In fact, the Texas Rules of Disciplinary
Procedure specifically provide that "[n]either the complainant nor the Respondent is
affected by the doctrines of res judicata or estoppel by judgment from any Disciplinary
Action." Tex. R. Disciplinary P. 15.03, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G,
app. A-1 (Vernon 2005). Moreover, it has been held that the disciplinary rules have no
bearing on a criminal prosecution for theft. Hefner v. State, 735 S.W.2d 608, 626 (Tex.
App.-Dallas 1987, pet. ref'd). This issue is overruled.

X. Comment on Weight of Evidence


 In his sixteenth issue, appellant argues that the trial judge's comment on the weight
of the evidence resulted in the judge being biased. Appellant's complaints center on the
following instruction included in the charge:

 'Effective consent' means assent in fact whether express or apparent, and
includes consent by a person legally authorized to act for the owner. 
Consent is not effective if induced by deception.


Appellant appears to argue that the last sentence of this instruction emphasized the State's
theory of deception and amounted to a comment on the weight of the evidence. The
sentence of which appellant complains is a correct statement of the law and is taken from
the penal code. See Tex. Penal Code Ann. § 31.01(3) (Vernon Supp. 2007). Generally,
"a correct statement of the law by the trial court, even during trial, is not reversible" as a
comment on the weight of the evidence. Aschbacher v. State, 61 S.W.3d 532, 538 (Tex.
App.-San Antonio 2001, pet. ref'd). Accordingly, this issue is overruled.

XI. Conclusion


 Having overruled each of appellant's issues, the judgment of the trial court is
affirmed.


 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 26th day of June, 2008.
1. Appellant originally attempted to file a brief in this cause that was one hundred and thirteen pages
in length and presented seventeen issues. The Court refused to allow this brief to be filed but did allow
appellant to exceed the page requirements for the instant brief, which is fifty-seven pages in length. We note
that the issues delineated in the table of contents vary from the issues delineated in the statement of issues
presented, which, in turn, vary from those issues supported by argument and analysis in the body of the brief. 
Although this practice fails to conform to the appellate rules, we have reordered and renumbered those issues
presented by appellant which are arguably adequately briefed and will address them herein. See Tex. R. App.
P. 38.1(e),(f),(g),(h). 
2. A converse charge is "one in which each essential element of the offense is submitted for the jury's
consideration with the instruction to acquit if the jury does not find that element to be true or has a reasonable
doubt about it." See Minor v. State, 662 S.W.2d 659, 661 (Tex. App.-San Antonio 1983, no writ).