

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00503-CR

VONGSAVANH PHOMMATHEP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 22,061-C, Honorable Ana Estevez, Presiding

February 11, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Vongsavanh Phommathep, appeals his conviction for the offense of aggravated assault with an affirmative finding of the use of a deadly weapon,[1] and the resulting sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 30 years and fine of $4,000. By two issues, appellant contends that the trial court erred in its appointment of an interpreter, and the statutory scheme for the appointment of an interpreter is unconstitutional. For the reasons

---

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

expressed below, we will overrule appellant's contentions and affirm the judgment of the trial court.

Factual and Procedural Background

Appellant does not contest the factual sufficiency of the evidence; therefore, we will only address those portions of the record required for our disposition of this matter. Appellant was accused by indictment of the aggravated robbery of Thovone Kayakone. Both appellant and Kayakone are Laotian.  At the trial of the case, the trial court *sua sponte* appointed an interpreter to interpret the testimony of Kayakone.

After the interpreter was sworn in, trial counsel voiced a general concern regarding not having any information about what the qualifications of the interpreter were.[2]  After asking the interpreter a few general questions about his experience, trial counsel made the following observation, "Your honor, I am not sure he is qualified, if he has never . . . ."  Whereupon the trial court stated, "The law doesn't require him to have interpreted before.  I mean, if you want to test his qualifications another way, that is up to you."  Trial counsel then proceeded to ask the interpreter about whether he knew Kayakone and if they had attended the same church.  At the conclusion of this *voir dire* examination of the witness, trial counsel simply stated, "That is fine.  I still have some question, I understand the Court's ruling."

---

[2] We note that appellant's brief contends that the first indication that the interpreter was not competent was revealed when the trial court attempted to get the interpreter to spell his name.  We have reviewed that portion of the record and are satisfied that the record does not indicate any problem with the interpreter spelling his name.

After the State had concluded its initial direct examination of Kayakone, trial counsel stated he wished to "re-urge my objection to the interpreter. I feel like, based upon what he has done so far with Mr. Kayakone, it indicates that he is not competent to serve as an interpreter in a proceeding like this." The trial court's reply was, "Okay, you need to be specific. Because I didn't see anything that I would feel he wasn't interpreting." This led trial counsel to suggest that, "there were numerous occasions where a question was asked by the prosecutor and it was given to Mr. Kayakone, Mr. Kayakone gave a very long, elaborate response. The interpreter then gave a very short and abbreviated answer." The trial court's response suggested that, if trial counsel felt that was occurring, he needed to object at that time so that the trial court could address it timely.

At this juncture of the trial, the trial court made a statement regarding the ability to obtain a "certified" Laotian interpreter. The trial court advised that it was not aware of any "certified" Laotian interpreters within five hundred miles of Randall County. After the trial court's statement, trial counsel again asked to *voir dire* the interpreter prior to bringing the jury back into the courtroom. At this time, trial counsel's single inquiry was whether or not the interpreter had simply relayed the witness's answers to the questions into English. The interpreter avowed he had done only that. Trial counsel made no additional objections regarding the interpreter's qualifications.[3]

At the conclusion of the evidence, the jury found appellant guilty of the lesser-included offense of aggravated assault and answered affirmatively to the deadly

---

[3] Trial counsel did object to nonresponsive answers and leading questions; however, none of these objections relate to the issue presented.

weapon special issue. Thereafter, the jury heard punishment evidence and found that the punishment enhancement portion of the indictment was true and assessed appellant's sentence at confinement in the ID-TDCJ for 30 years with a fine of $4,000.

Appellant perfected his appeal and brings two issues before this Court. In his first issue, appellant contends that the trial court abused its discretion in appointing an interpreter who was not licensed and incompetent without making the findings required by section 57.002(e) of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 57.002(e) (West Supp. 2013).[4] Appellant's second issue contends that section 57.002(e) violates equal protection and is unconstitutional. We disagree and will affirm.

Preservation of Error

Before turning to the merits of appellant's arguments, this Court must first ascertain whether the issues now argued by appellant were properly preserved for appeal. To preserve error, the record before the Court must show that appellant made a timely request, objection, or motion, and that the trial court ruled upon it. TEX. R. APP. P. 33.1(a);[5] *Garza v. State*, 126 S.W.3d 79, 81-82 (Tex. Crim. App. 2004). The reason for this requirement, as applicable to the case before the Court, is to inform the trial court the basis for the objection and give it the opportunity to make a ruling. *Garza,* 126 SW3d at 82. Therefore, we turn first to the issues raised by the State's brief regarding the questions of procedural default and issue preservation.

---

[4] Further reference to the Texas Government Code will be by reference to "section ____" or "§ ____."

[5] Further reference to the Texas Rules of Appellate Procedure will be by reference to "Rule ____."

General Objection and Timeliness of Objection

Appellant's first issue may be segregated into two parts and, indeed, it must. The first part seems to go to the qualifications of the interpreter. At trial, counsel simply averred a general concern about the qualifications of the interpreter. This first attempt at an objection is too general to provide the trial court with any basis upon which it could rule. *See* Rule 33.1(a)(1); *Wilson v. State*, 541 S.W.2d 174, 175 (Tex. Crim. App. 1976). Subsequently, appellant's counsel simply re-urged his objection. Again, this provides nothing for the trial court to rule upon. *Id.* Counsel did make a statement to the trial court, after he re-urged his objection, that seemed to again voice concern about the interpreter's qualifications; however, even if we were to conclude that this was a sufficient objection, he never requested a ruling from the trial court and did not get one. Again, there is nothing preserved for appeal. Finally, trial counsel attempted to set forth an objection at this juncture of the trial; however, this objection was a reference to some earlier, unspecified portion of the trial where counsel felt the answers given by the witness were long and involved and the answers given by the interpreter were short and direct. The trial court urged counsel to make those objections, if they were needed, at the time of the incident and not later. Again, there was no ruling by the trial court and, in fact, when an objection such as this is made, the trial court would, because of a lack of timeliness of objection, be forced to speculate about to what questions appellant was referring. *See* Rule 33.1(a); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (holding that no hyper-technical or formalistic words are required to preserve error by way of objection, the objecting party must let the trial court know what they

want it to rule on at a time when the trial court is in position to do something about it). Because appellant's objections were of a general nature that did not properly apprise the trial court of the perceived error and were made, not at the time of the alleged error, but later in the trial, we hold that the error, if any, was not preserved for appeal. The first part of appellant's first issue is overruled.

Failure to Comport

The second part of appellant's first issue contends that the trial court abused its discretion by appointing the interpreter without making the findings required by section 57.002(e). Our review of the record reveals that this objection was never placed before the trial court. Rather, at trial, the objection, as reflected above, went to a question of the general competency of the interpreter. As such, appellant's trial objection does not comport with this portion of his first issue. *See* Rule 33.1(a)(1); *see also Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (en banc). Accordingly, nothing is preserved for appeal regarding section 57.002(e). *Id.* The second portion of appellant's first issue is overruled.

Failure to Object

Next, we turn our attention to appellant's second issue. In this issue, appellant contends that section 57.002(e) violates equal protection and is unconstitutional. We initially note that appellant presents no clear issue about whether he is contesting section 57.002(e) as facially unconstitutional or as unconstitutional as applied. In this case, it matters not because appellant made neither argument at trial. If his argument is that the statute is facially unconstitutional, such an argument is required to be made

6

before the trial court. *See Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). If however, appellant is making an allegation that the statute is unconstitutional as applied to him, such an argument must also be preserved by presentation to the trial court. *Cartier v. State*, 58 S.W.3d 756, 759 (Tex. App.—Amarillo 2001, pet. ref'd) (citing *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). Because appellant failed to make his complaint known to the trial court, nothing is preserved for appeal. *See* Rule 33.1(a)(1). Accordingly, appellant's second issue is overruled.

Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.